UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 08-60623-CIV-DIMITROULEAS/ROSENBAUM

BANK OF MONGOLIA,

    Plaintiff,

v.

M&P GLOBAL FINANCIAL SERVICES,
INC., M&P GLOBAL FINANCIAL SERVICES
EUROPE, AG, BURTON D. GREENBERG,
JOEL E. GREENBERG, and JAMES R.
HALPERIN,

    Defendants.
_____/

## ORDER

This matter is before the Court upon Plaintiff's Motion to Compel Response to Plaintiff's Request for Documents From Defendants M&P Global Financial Services, Inc., M&P Global Financial Services Europe, AG, Burton D. Greenberg, and Joel E. Greenberg ("M&P Defendants") [D.E. 51, 52]. A hearing was held on April 20, 2009, where the parties to the Motion appeared and presented argument. The Court considered Plaintiff's Motion, all opposing and responsive filings and briefs, and the parties' arguments at the April 20th hearing, and orally granted Plaintiff's Motion. This Order memorializes the Court's oral holdings regarding the Motion.

### *I.  Background*

Plaintiff Bank of Mongolia filed its Complaint on April 28, 2008, alleging that the M&P Defendants, along with Defendant James R. Halperin, conspired to defraud Plaintiff of $23 million dollars, in violation of the Racketeer Influenced and Corrupt Organization Act ("RICO"). [D.E. 1]. Specifically, Plaintiff claims that the M&P Defendants were a part of a RICO enterprise that

fraudulently induced Plaintiff to issue financial instruments for the benefit of Defendants, which Defendants asserted were necessary to secure funding for an "Affordable Housing Initiative" in Ulaanbaatar, Mongolia. *Id.* According to the Complaint, the financial instruments were never actually supposed to be negotiated. *Id.* Once the financial instruments were issued by Plaintiff, however, Defendants and other members of the RICO enterprise caused them to be diverted and negotiated for Defendants' own benefit. *Id.*

During the course of discovery, Plaintiff served the M&P Defendants with a Request for Documents. [*See* D.E. 51, 52, 62]. Defendants' response was due on February 11, 2009, but Defendants did not respond. *Id.* According to Plaintiff, on February 12, 2009, Plaintiff's counsel sent an e-mail to the M&P Defendants' counsel requesting information regarding when Plaintiff could expert a response, but, again, Plaintiff received no response. *Id.* Plaintiff's counsel then left a voice mail for the M&P Defendants' counsel on February 17, 2009, requesting the same information, but Defendants once again failed to respond. *Id.*

In view of the absence of a discovery response and an explanation for the lack of a response, Plaintiff filed the Motion to Compel before the Court on February 19, 2009, requesting that the M&P Defendants be required to provide all responsive information to Plaintiff's document requests and that Plaintiff be granted fees and costs for having to file the Motion. [D.E. 51, 52]. Defendants' response to Plaintiff's Motion was due on March 9, 2009, but Defendants filed no response. As a result, on March 16, 2009, the Court issued an Order to Show Cause directing that the M&P Defendants file their response by March 23, 2009. [D.E. 57].

On March 20, 2009, the M&P Defendants served Plaintiff with their one-page Response to Plaintiff's Request for Production. This Response stated, in its entirety,

    1.      The document requests in paragraph(s) 1, 2, 4, 5, 8, 11 (a through g), 12, 13, 14 and 17 were previously provided with [Defendants'] Initial Disclosure.

    2.      The documents requested in paragraph(s) 3, 9, 10 and 15 are not in our possession.

    3.      The documents requested in paragraph(s) 6 and 7 will be provided in the near future, obtaining them from [a] foreign country.

    4.      In response to the documents requested in paragraph(s) 16 - objection as too vague and burdensome.

[D.E. 58]. Defendants served no documents on Plaintiff with this Reponse.

The M&P Defendants then filed their Response to the Court's Order to Show Cause on March 23, 2009. In their Response to the Court's Order, Defendants assert that they incorrectly assumed that their Initial Disclosure, which was filed on January 22, 2009, was a response to Plaintiff's Request for Production. [D.E. 59]. In light of their service of a Response to Plaintiff's Request for Production on March 20, 2009, Defendants argue, Plaintiff's Motion should be denied. *Id.*

Plaintiff filed its Reply on March 30, 2009. [D.E. 62]. In its Reply, Plaintiff argues that it is entitled to attorney's fees and costs for the M&P Defendants' failure to provide a valid explanation for not timely responding to Plaintiff's document requests. *Id.* Plaintiff also asserts that Defendants should be sanctioned for only partially producing responsive documents (in their January 22, 2009, Initial Disclosures) and for not otherwise addressing Plaintiff's other document requests. *Id.* Furthermore, Plaintiff claims that documents produced by third parties that are responsive to Plaintiff's document requests and were not produced by the M&P Defendants demonstrate that the M&P Defendants withheld or engaged in spoliation regarding document requests 9, 12, and 11. *Id.*

3

Additionally, Plaintiff contends that while some of Defendants' responses indicate that responsive documents have been previously produced to Plaintiff, Plaintiff is unable to identify such documents in response to document requests 4, 12, and 13. *Id.* Plaintiff further urges that Defendants have waived all objections to Plaintiff's request for documents as a result of their failure to object in a timely fashion. *Id.* In light of the M&P Defendants' failure to produce all responsive documents and the lack of a valid excuse, Plaintiff requests that Defendants be sanctioned for their conduct by allowing Plaintiff access to Defendants' electronic records and computer hardware to allow Plaintiff to locate all responsive documents. *Id.*

On April 20, 2009, Plaintiff and the M&P Defendants presented argument at a hearing on Plaintiff's Motion. At the hearing, the Court inquired of the M&P Defendants as to whether they had provided all responsive documents to Plaintiff, as Defendants had indicated in paragraph 1 of Defendants' Response to Plaintiff's Request for Production. The M&P Defendants conceded that they had not performed a search of all deleted and unsaved electronic documents and requested twenty days for Defendants' own computer expert do a thorough search of all electronic documents, including deleted and unsaved documents. When the Court requested information regarding the steps that Defendants had taken to conduct a search for responsive documents, counsel for the M&P Defendants was not in a position at that time to set forth Defendants' search methodology. Counsel for the M&P Defendants asserted, however, that some documents have been produced to Plaintiff in response to document requests 4 and 12.

The Court asked Plaintiff about the types of documents it believed where missing from the production made in response to document requests 4 and 12. Plaintiff explained that it had received documents from other entities that appeared should have been produced by the M&P Defendants but

were not, including for example, responsive documents reflecting transactions to which the M&P Defendants were a party. Moreover, in view of the significance of the transactions involved, as represented by the documents obtained from the other parties, Plaintiff elaborated, the nature of the transactions involved, as a general rule, should have generated additional documentation. For example, whereas a document might show an invoice for the purchase of a commodity, Defendants produced no shipping documents or other related transactional documents.

Next, the Court addressed the M&P Defendants' assertions in paragraph 2 of their Response to Plaintiff's Request for Production, which stated "that documents requested in paragraph(s) 3, 9, 10 and 15 are not in our possession." Defendants' counsel stated that documents responsive to requests 3 and 10 have never been in their possession. The M&P Defendants' counsel, however, acknowledged that it is possible that documents located in a foreign country are responsive to documents requests 9 and 15, but they are not currently in counsel's possession.

With respect to the M&P Defendants' assertions in paragraph 3 regarding document requests 6 and 7, "that [responsive documents] will be provided in the near future, obtaining them from [a] foreign country," when the Court asked Defendants the specific time frame for when these documents would be produced, counsel for Defendants responded that his client, Defendant Burton Greenberg, informed him that these documents would "be coming shortly" and "soon." Defendants did not advise their counsel of any specific steps taken to obtain the financial documents responsive to document requests 6 and 7, so Defendants' counsel, in turn, could not enlighten the Court with regard to efforts made to obtain the documents at issue.

As set forth in further detail below, the Court orally granted Plaintiff's Motion to Compel, including awarding attorney's fees and costs.

## *II. Analysis*

Rule 26(b), Fed. R. Civ. P., sets forth the permissible parameters of discovery. Under that rule,

> Parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party . . . [that] appears reasonably calculated to lead to the discovery of admissible evidence . . . , [as long as the Court does not find that] (i) the discovery sought is unreasonably cumulative or duplicative, or . . . obtainable from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity by discovery in the action to obtain the information sought; or (iii) the burden or expense of the proposed discovery outweighs its likely benefit, taking into account the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues. . . ."

R. 26(b), Fed. R. Civ. P. The Advisory Committee Notes to Rule 26 indicate that "[t]he purpose of discovery is to allow a **broad** search for facts, the names of witnesses, or any other matters which may aid a party in the preparation or presentation of his case." Adv. Com. Notes, 1946 Amendment, R. 26, Fed. R. Civ. P. (citations omitted) (emphasis added). Indeed, the Advisory Committee Notes approvingly cite language from a case stating that "the Rules . . . permit 'fishing for evidence as they should.'" *Id.* (citation omitted); *see also Hickman v. Taylor*, 329 U.S. 495, 507 (1947) ("No longer can the time-honored cry of 'fishing expedition' serve to preclude a party from inquiring into the facts underlying his opponent's case.")..

The courts have long recognized the wide scope of discovery allowed under the Federal Rules of Civil Procedure. As the Eleventh Circuit's predecessor court noted,

> The discovery provisions of the Federal Rules of Civil Procedure allow the parties to develop fully and crystalize concise factual issues for trial. Properly used, they prevent prejudicial surprises and conserve precious judicial energies. The United States Supreme

Court has said that they are to be broadly and liberally construed.

*Burns v. Thiokol Chem. Corp.*, 483 F.2d 300, 304 (5th Cir. 1973)[1] (citing *Hickman v. Taylor*, 329 U.S. 495, 507 (1947); *Schlagenhauf v. Holder*, 379 U.S. 104, 114-115 (1964)). Of course, the scope of permissible discovery is not unbounded. Requested discovery must be relevant, and it must not impose undue burden, under the tests described in Rule 26(b)(2)(C).

In this case, no issue exists regarding the scope of Plaintiff's document requests. With the exception of the M&P Defendants' objection to document request 16 "as too vague and burdensome," the M&P Defendants do not contest the relevance of Plaintiff's production requests. As for their objection to document request 16, the Court concluded that the M&P Defendants' objections were waived, in light of Defendants' untimely response to Plaintiff's document requests and their repeated failures to respond to Plaintiff's inquiries regarding the whereabouts of Defendants' responses. *See Williams v. Bridgestone/Firestone, Inc.*, 2008 WL 4755675, *1 (S.D. Fla. Oct. 28, 2008); *United Steel Workers of America, AFL-CIO-CLC v. Ivaco*, 2002 WL 31932875, *4 (N.D. Ga. Jan. 13, 2003) (citing *Marx v. Kelly, Hart & Hallman, P.C.,* 929 F.2d 8, 12 (1st Cir. 1991) and *In re United States*, 864 F.2d 1153, 1156 (5th Cir. 1989)); *Pitts v. Francis*, 2008 WL 2229524, *2 (N.D. Fla. May 28, 2008) (noting that the Advisory Committee Notes to Rule 34, Fed. R. Civ. P., explain that Rule 34's requirement that objections be made timely and stated with reasons "is essentially the same as that in Rule 33" that provides that "'[a]ny ground [for an objection to an interrogatory] not stated in a timely objection [*i.e.*, thirty days] is waived unless the court, for good cause, excuses the failure.'").

---

[1] Pursuant to *Bonner v. Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981), opinions of the Fifth Circuit issued prior to October 1, 1981, are binding precedent in the Eleventh Circuit.

7

Moreover, even if Defendants' objections were timely or Defendants could provide good cause for their failure to file their objections timely – neither of which occurred in the instant case, the M&P Defendants' objections were entirely conclusory and contained no explanation as to why Defendants viewed document request 16 as "vague or burdensome." Such objections do not comply with Local Rule 26.1 G.3.(a) which provides, "Where an objection is made to any interrogatory or sub-part thereof or to any document request under Federal Rule of Civil Procedure 34, the objection shall state with specificity all grounds." Objections that state that a discovery request is "vague, overly broad, or unduly burdensome" are, standing alone, meaningless and fail to comply with both the Local Rules and Rule 34's requirement that objections contain a statement of reasons. *See Pitts v. Francis*, 2008 WL 2229524, *2. A party objecting on these grounds must explain the specific and particular way in which a request is vague, overly broad, or unduly burdensome. In addition, claims of undue burden should be supported by a statement (generally an affidavit) with specific information demonstrating how the request is overly burdensome. *See Benfatto v. Wachovia Bank, N.A.,* 2008 WL 4938418, *4 (S.D. Fla. Nov. 19, 2008) (citing *Convertino v. U.S. Dept. of Justice*, 565 F. Supp.2d 10, 14 (D.D.C. 2008)). In view of the lack of any statement of reasons why Defendants viewed request 16 as overly burdensome or vague, the Court cited these shortcomings as an additional basis for overruling Defendants' objections. Thus, the Court found that all of Plaintiff's document requests fell within the permissible scope of discovery.

The Court now considers the standards applicable to a motion to compel. If a party fails to answer a request for production, the discovering party may move for an order compelling a response. Fed. R. Civ. P. 37(a)(2). Motions to compel discovery under Rule 37(a) are committed to the sound discretion of the trial court. *See Commercial Union Ins. Co. v. Westrope*, 730 F.2d 729, 731 (11th

Cir. 1984).

In this case, the M&P Defendants' response to Plaintiff's document requests were due originally on February 11, 2009, but Defendants did not file their one-page Response to Plaintiff's Request for Production until March 20, 2009, at least six weeks after repeated attempts by Plaintiff to solicit a response from Defendants following the expiration of the deadline for Defendants' response, as well as the filing of Plaintiff's Motion to Compel on February 19, 2008, and the issuance of the Court's Order to Show Cause to Defendants on March 16, 2009.  Even then, the M&P Defendants' March 20th Response failed to provide a valid excuse for not making a timely response to Plaintiff's document requests.  Furthermore, as indicated by the M&P Defendants' admissions during the hearing, some of Defendants' assertions in their Response to Plaintiff's Request for Production are questionable.  Nor did Defendants' Response to the Court's Order to Show Cause filed on March 23, 2009, provide any valid excuse for failing to respond to Plaintiff's document requests or Motion to Compel.  Accordingly, at the April 20th hearing, the Court found that the M&P Defendants failed to provide a sufficient reason for failing to respond timely to Plaintiff's document requests or Motion to Compel.

Additionally, the Court held that the M&P Defendants failed to produce to Plaintiff all documents responsive to Plaintiff's document requests or to offer a reasonable basis for their lack of production of certain documents.   At the hearing, the M&P Defendants' counsel forthrightly acknowledged that he was unable to identify the steps taken to identify responsive documents, and conceded that more responsive documents may well exist in Defendants' possession, as Defendant had not attempted to search deleted computer records.  Deleted computer files, however, whether e-mails or otherwise, are discoverable. *See, Wells v. Xpedx*, 2007 WL 12000955, * 1-2 (M.D. Fla.

9

April 23, 2007) ("producing party has the obligation to search available electronic systems for deleted emails and files") (citing to Advisory Committee Notes, Fed. R. Civ. P. 34) (internal citations omitted); *see, e.g., Antioch Co. v. Scrapbook Borders, Inc.*, 210 F.R.D. 645, 652 (D. Minn. 2002) (citing *Rowe Entertainment, Inc. v. The William Morris Agency, Inc.*, 205 F.R.D. 421, 427, 431 (S.D.N.Y. 2002); *Simon Property Group, L.P. v. MySimon, Inc.*, 194 F.R.D. 639, 640 (S.D. Ind. 2000); *Playboy Enterprises, Inc. v. Welles*, 60 F. Supp. 2d 1050, 1053 (S.D. Cal. 1999) (other citations omitted).

The M&P Defendants similarly did not provide an affidavit or other specific evidence regarding the scope of the rest of Defendants' search for responsive documents, and counsel was not able to articulate what Defendants had done in order to search for responsive documents. Further, Defendants' counsel conceded that other responsive documents located in an unidentified foreign country may exist and have not yet been produced to Plaintiff. Nor could his client indicate a specific time frame within which the Court could expect that Defendants would provide such documents to Plaintiff. Moreover, the identification by Plaintiff of third-party documents that appear to be responsive to some of Plaintiff's document requests but were not produced to Plaintiff by Defendants further supports the possibility of the existence of additional responsive documents that have not been produced to Plaintiff by Defendants. In light of these findings, the Court granted Plaintiff's Motion to Compel.

The Court further directed the M&P Defendants to serve Plaintiff with a signed affidavit from their custodian of records detailing all steps taken to identify all documents responsive to Plaintiff's document requests. This affidavit shall also specifically identify any production requests for which Defendants assert that they have found no responsive records within their possession,

custody, or control, despite a thorough search.  **The M&P Defendants shall provide Plaintiff the signed affidavit by April 30, 2009.**

Additionally, based on the discrepancies between Defendants' Response to Plaintiff's Requests for Production and their concession at the hearing that not all documents have yet been produced, and particularly in light of the recovery of apparently responsive documents by the Plaintiffs from third-party sources, the Court determined that an independent expert should be appointed to retrieve any deleted responsive files from Defendants' computers.  *See U & I Corp. v. Advanced Medical Design, Inc.,* 251 F.R.D. 667, 676-77 (M.D. Fla. 2008) (authorized use of independent computer expert to sample information on hard drives for responsive information); *see e.g., Antioch Co.*, 210 F.R.D. at 652-53 (setting forth procedure for independent expert to "mirror image" party's hard drive to retrieve deleted files, as set forth in *Playboy Enterprises, Inc.*, 60 F. Supp. 2d at 1054-55); *Simon Property Group, L.P.*, 194 F.R.D. at 641-42 (following basic structure for an independent expert paid by party requesting information to "mirror image" other party's hard drives to identify deleted files, and following procedure set forth in *Playboy Enterprises, Inc*.).  The Court declined Defendants' suggestion instead that they receive an additional twenty days for their own in-house computer expert to look for responsive information, in view of the M&P Defendants' past lack of response to Plaintiff's request for information, the questionability of some of the M&P Defendants' responses in their Response to Plaintiff's Request for Production, and Plaintiff's presentation of documents responsive to the Plaintiff's Request for Production to the M&P Defendants, but obtained from third parties, which appear to be records that the M&P Defendants should have had.  To accomplish the review of Defendants' computer records, the Court sets forth following procedure:

1. An independent third party computer expert shall be appointed by the Court and shall mirror image M&P Defendants' computer system.

2. **The parties have until April 30, 2009, to meet and confer regarding their designation of an independent computer expert**. If the parties cannot agree on an independent computer expert, each party shall submit its recommendation for an independent expert to the Court, and the Court shall select the expert.

3. The appointed independent computer expert shall serve as an Officer of the Court. Thus, to the extent that this computer expert has direct or indirect access to information protected by attorney-client privilege, such disclosure will not result in any waiver of the M&P Defendants' privilege.

4. The independent expert shall sign a confidentiality order. Additionally, the expert shall be allowed to hire other outside support if necessary in order to mirror image M&P Defendants' computer system. Any outside support shall be required to sign the same confidentiality order.

5. The expert shall mirror image the M&P Defendants' computer system.

6. **Plaintiff shall provide a list of search terms to the Court to identify responsive documents to Plaintiff's document requests by April 30, 2009. After Plaintiff has submitted the search terms to the Court, the M&P Defendants shall have 5 days to submit their objections to the Court regarding any of the search terms**, which the Court will rule upon. The Court will provide the search terms to the independent expert.

7. Once the expert has mirror imaged the M&P Defendants' computer system, the expert shall search the mirror image results using the search terms. The results of the search terms will be provided to the M&P Defendants and to the Court, along with an electronic copy of all responsive documents

      (also to be provided to both the M&P defendants and the Court).

8. The M&P Defendants shall review the search term results provided by the Court's expert and identify all responsive documents. **The M&P Defendants shall either produce all responsive documents to Plaintiff or identify those responsive documents not produced on a privilege log to Plaintiff within 20 days of the date that the M&P Defendants receive the search term results from the independent expert**. <u>Any privilege log produced shall comply strictly with the Local Rules for the Southern District of Florida.</u>

9. Plaintiff shall pay for all fees and costs of hiring the independent expert at this time. However, if at a later time there is evidence of the M&P Defendants' improper deletion of electronic documents or any other associated improper conduct, the Court will revisit this issue and consider charging the M&P Defendants for the fees and costs of the independent expert or imposing the fees and costs on the parties in a duly appropriate proportioned manner.

10. The independent expert shall provide a signed affidavit detailing the steps he or she took in mirror imaging the M&P Defendants' computer system and searching the mirror image for the search terms within 5 days of providing the M&P Defendants and the Court with the results of the search for search terms in the mirror image.

*See id.*

  While this procedure does not provide Plaintiff access to the M&P Defendants' documents as Plaintiff requested, the M&P Defendants' failure to adequately respond to Plaintiff's request for documents is not sufficient grounds to give Plaintiff unfettered access to Defendants' computer system. *See In re For motor Company*, 345 F.3d 1315, 1317 (11th Cir. 2003). The court anticipates, however, that the procedure set forth above should ensure that all responsive electronic documents

13

will be identified, while minimizing the intrusion into the M&P Defendants' records.

With respect to the Court's ruling regarding the payment of the expert's fees, the Court found that although it is clear that Defendants have not produced all responsive documents at this point in time, with respect to any deleted computer files – which is the reason for incurring the costs of the expert – Plaintiff has not demonstrated at this juncture that the M&P Defendants intentionally or improperly deleted documents or otherwise omitted documents from their production made from the M&P Defendants' computer files. Consequently, as noted in the procedure outlined above, the Court directed Plaintiff to pay the costs of the computer expert at this point. As noted above, however, the Court will entertain any evidence of misconduct or intentional deletion by the M&P Defendants if found at a later point in the discovery process and consider adjusting the imposition of the costs of the computer expert should such evidence arise.

Regarding documents responsive to document request 16, as discussed above, at the hearing, the Court denied the M&P Defendants' objections and granted Plaintiff's Motion to Compel. As a result, **the M&P Defendants shall provide Plaintiff with responsive documents to document request 16 by April 30, 2009.**

Moreover, the Court held that the M&P Defendants' explanation, or lack thereof, regarding their efforts to retrieve documents located in a foreign country and responsive to document requests 6 and 7 were insufficient. Hence, the Court directed the **M&P Defendants to produce all responsive documents to document requests 6 and 7 to Plaintiff by April 30, 2009.**

After granting Plaintiff's Motion to Compel, the Court considered Plaintiff's request for sanctions in the form of attorney's fees and costs. Rule 37(a)(4), Fed. R. Civ. P., provides that the court shall require reasonable expenses incurred in making the motion, including attorney's fees, to

14

be paid by the opposing party, unless the opposing party's opposition to the motion to compel was "substantially justified, or . . . other circumstances make an award of expenses unjust." "The Supreme Court has clarified that [a party's] discovery conduct should be found 'substantially justified' under Rule 37 if it is a response to a 'genuine dispute, or if reasonable people could differ as to the appropriateness of the contested action.'" *Devaney v. Continental Amer. Ins. Co.*, 989 F.2d 1154, 1163 (11th Cir. 1993) (quoting *Pierce v. Underwood*, 487 U.S. 552, 565 (1988)); *Maddow v. Procter & Gamble Co., Inc.*, 107 F.3d 846, 853 (11th Cir. 1997).

In the case at hand, at the April 20th hearing, the M&P Defendants' counsel frankly conceded that there was no substantial justification for Defendants' failure to comply with Plaintiff's documents requests, nor did other circumstances make an award of expenses unjust. The Court agreed.

Consequently, the Court requested information from Plaintiff regarding its costs for preparation of the Motion to Compel, its Reply and counsel's appearance at the hearing. Counsel appearing on Plaintiff's behalf at the hearing, David B. Mankuta, stated that his hourly rate was $425 an hour, but noted that his co-counsel, Edward Baldwin, prepared the Motion to Compel and Reply, and charged an hourly a rate of $562 an hour. Mr. Mankuta represented that Plaintiff's co-counsel, Mr. Baldwin was a seven- year attorney who specialized in international arbitration and litigation. Based on the Court's own expertise, the Court held that a rate of $562 an hour was unreasonable under the circumstances.

Defendants' counsel then stipulated that the spending of eight hours on the tasks relating to the Motion to Compel, at an hourly rate of $425 was reasonable under the circumstances of this case. After the Court reviewed the Plaintiff's Motion to Compel and 15-page Reply, which included

detailed review and analysis of documents and exhibits, and the Court considered the time necessary to attend the April 20th hearing, the Court agreed and granted Plaintiff attorney's fees and costs in the amount of $3,400 ($425 an hour x 8 hours) against the M&P Defendants.  **The M&P Defendants shall pay Plaintiff the amount of $3,400 by May 20, 2009.**

### *III.  Conclusion*

Based on the foregoing, the Court **GRANTED** Plaintiff's Motion to Compel Response to Plaintiff's Request for Documents From Defendants M&P Global Financial Services, Inc., M&P Global Financial Services Europe, AG, Burton D. Greenberg, and Joel E. Greenberg [D.E. 51, 52]. The Court directs that the M&P Defendants and Plaintiff comply with all requirements and deadlines as set forth in this Order.

**DONE AND ORDERED** at Fort Lauderdale, Florida, this 24th day of April, 2009.

_____
ROBIN S. ROSENBAUM
United States Magistrate Judge

cc:     Honorable William P. Dimitrouleas
        Counsel of Record

        James R. Halperin, *pro se*
        6237 San Michel Way
        Delray Beach, FL 33484
        (Regular mail)