**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

CASE NO. 08-60623-CIV-DIMITROULEAS/ROSENBAUM

BANK OF MONGOLIA,

      Plaintiff,

v.

M&P GLOBAL FINANCIAL SERVICES,
INC., M&P GLOBAL FINANCIAL SERVICES
EUROPE, AG, BURTON D. GREENBERG,
JOEL E. GREENBERG, and JAMES R.
HALPERIN,

      Defendants.

_____/

## **ORDER**

This matter is before the Court pursuant to Defendants M&P Global Financial Services, Inc.,

M&P Global Financial Services Europe, AG, Burton D. Greenberg, and Joel E. Greenberg's ("M&P

Defendants") Motion for Reconsideration and/or Renewed Motion to Extend Time for Filing

Response Required Pursuant to Court Order Dated April 24, 2009 [D.E. 111]. The Court has

reviewed the M&P Defendants' Motion and the record in this case, and now denies the M& P

Defendants' Motion.

In their Motion, the M&P Defendants request that the Court reconsider their Amended

Motion for Extension of Time [D.E. 107] requesting an additional twenty days within which to

respond as required by the Court's Order of April 24, 2009, which the Court granted in part and

denied in its October 8, 2009, Order [D.E. 110].  The Court's October 8, 2009, Order required that

the M&P Defendants complete production to Plaintiff by October 12, 2009. [D.E. 110].  As part of

this Motion for Reconsideration, the M&P Defendants submit the affidavits of attorneys Joel E.

Greenberg and Burton D. Greenberg, both dated October 9, 2009.  In their affidavits, both attorneys represent that they have "spent over 12 hours" reviewing the printed documents provided by the independent expert [D.E. 111-2 at 1, ¶ 4; at 2, ¶ 4].  The M&P Defendants argue that they will be unable to complete review by October 12, 2009.  Furthermore, the M&P Defendants assert that in light of the 4-month period that it took the independent expert to compile the data, it is not unreasonable to request a total of forty days to retrieve, review, and provide documents to Plaintiff.

In considering the M&P Defendants' Motion, the Court looks to the appropriate standard set forth in case law.  "[R]econsideration of a previous order is an extraordinary remedy to be employed sparingly."  *Burger King Corp. v. Ashland Equities, Inc.,* 181 F. Supp. 2d 1366, 1370 (S.D. Fla. 2002) (citing *Mannings v. School Board of Hillsborough County*, 149 F.R.D. 235, 235 (M.D. Fla. 1993)).  "The 'purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence.'" *Id.* at 1369 (S.D. Fla. 2002) (quoting *Z.K. Marine Inc. v. M/V Archigetis*, 808 F. Supp. 1561, 1563 (S.D. Fla. 1992)).  Three major grounds justify reconsideration: "(1) an intervening change in the controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or prevent manifest injustice."  *Id*. (citing *Offices Togolais Des Phosphates v. Mulberry Phosphates, Inc.*, 62 F. Supp. 2d 1316, 1331 (M.D. Fla. 1999); *Sussman v. Salem Saxon & Nielsen, P.A.*, 153 F.R.D. 689, 694 (M.D. Fla 1994)).  The M&P Defendants have  not established any of the necessary grounds for the Court to justify granting the Motion.

The Court finds that the M&P Defendants have not demonstrated that they have made a reasonable effort under the circumstances to review the information provided by the independent expert.  The Court notes that the M&P Defendants received the information from the independent

2

expert on September 14, 2009, and as of today's date, October 19, 2009, Burton and Joel Greenberg have each reviewed documents for approximately 12 hours, apparently nine hours of which occurred between the M&P Defendants' October 2, 2009, letter to counsel for the Bank of Mongolia and the M&P Defendants' filing on October 9, 2009, of their Motion for Reconsideration. Quite simply, this is not good enough. The M&P Defendants' 12-hour effort to review the materials produced on September 14 over what is now a 29-day period fails to a demonstrate good-faith effort, particularly in view of the discovery history in this case.

While the Court recognizes that counsel for the M&P Defendants have other clients, that does not excuse compliance with a court order. The M&P Defendants have been aware of the 20-day requirement since April, 2009, and upon receipt of the information from the independent expert on September 14th, should have reviewed the provided information immediately to develop a plan for complying with the Court's order. This plan could have included hiring temporary assistance to review the files, entering into an appropriate clawback agreement with the Bank of Mongolia, or engaging in other methodology calculated to represent a good-faith effort at compliance. In the absence of any explanation for the M&P Defendants to have invested an appropriate amount of time and effort reviewing the documents at issue, other than that they have other clients, the Court cannot find good cause to grant the M&P Defendants' Motion for Reconsideration.

Accordingly, it is hereby **ORDERED and ADJUDGED** that the M&P Defendants' Motion for Reconsideration and/or Renewed Motion to Extend Time for Filing Response Required Pursuant to Court Order Dated April 24, 2009 [D.E. 111] is **DENIED**. The M&P Defendants shall make

delivery of the documents forthwith to the Bank of Mongolia.

**DONE AND ORDERED** at Fort Lauderdale, Florida, this 13th day of October, 2009.

ROBIN S. ROSENBAUM
United States Magistrate Judge

cc:    Honorable William P. Dimitrouleas
Counsel of Record

James R. Halperin, *pro se*
6237 San Michel Way
Delray Beach, FL 33484
(Regular mail)