United States District Court

Southern District of Florida,

United States Courthouse

299 East Broward Boulevard, Room 108

Fort Lauderdale, FL 33301

U.S.A.



Re: Case No: 08-CV-60623

　　Dimitrouleas - Snow

# **DECLARATION**

I, Senol Taskin, present this information for good cause and that justice may be served and say as follows:

1. I currently reside in Kavakli Mevkii, Istanbul Cad. No: 6, Beylikduzu, Istanbul, Turkey.

2. I have never resided in the United States of America, and in particular, the State of Florida. I visited the State of Florida in April 2007, with a friend for pleasure purposes. I have never conducted any business in the United States of America, although I have communicated, via email, with some American Companies.

3. I have not been properly served, as shown by the attached exhibits.

4. I lack even minimum contacts with the United States of America, and in particular, the State of Florida.

5. I do not solicit any business in the State of Florida, do not engage in any persistent course of contact, do not derive any goods used or consumed or services rendered in the State of Florida.

6. I do not have any offices in the United States of America, and in particular, in Florida. I do not own or rent real property in the United States of America, and in particular, in Florida. I have no

employees in the United States of America, and in particular, in Florida. I do not have any offices, statutory agents, telephone listings or mailing addresses in the United States of America, and in particular, in Florida. I have no bank accounts, licenses, or other operations in the United States of America, and in particular, in Florida. I am not subject to taxation in the United States of America, and in particular, in Florida. I do not advertise in any newspapers or magazines or any other print, radio or television media in the United States of America, and in particular, in Florida. I do not generate any revenues from the Customers in the United States of America, and in particular, in Florida.

7. I have not taken any deliberate action toward the Forum State, State of Florida. I did not purposefully avail myself of this forum and lacked sufficient contacts with the State of Florida to be subject to jurisdiction in this State.

8. I have no assets, including bank accounts, in the United States of America, and in particular, in Florida. I have no agents who act for me in the United States of America, or in particular, the State of Florida.

9. I have never been a registered officer of GT International Holdings Inc.. I have no shares in the company. It is my understanding that, unknown to me I have been named as a director. I have never acted or attended at a director's meeting for that company and, to the best of my knowledge, my name was removed as a director in August, 2009.

10. The Plaintiff is not chartered or registered in the United States of America, and in particular, the State of Florida. None of the Plaintiff's alleged actions took place in the United States of America, and in particular, the State of Florida. No harm was done to any Citizen or Business of the United States of America, and in particular, the State of Florida.

11. The court lacks subject matter jurisdiction. As per Rule 12(b)(1) of the Federal Rules of Civil procedure, the Court cannot hear a case on the matter being brought by the plaintiff due to the fact that there is no claim under the Federal Law and that the claim is too frivolous to warrant a hearing before the court.

12. I am not subject to the personal jurisdiction of this court. As per Rule 12(b)(2) of the Federal Rules of Civil procedure, the court does not have jurisdiction over me since I am a Citizen of a Foreign Country and have never resided in the United States of America, and in particular, the State of Florida.

13. The venue is improper (I do not reside in this district and no part of the events and omissions giving rise to the claim which did not occur in the district). As per Rule 12(b)(3) of the Federal Rules of Civil procedure, the case should not be in the court where it was filed.

14. As per Rule 12(b)(5) of the Federal Rules of Civil procedure, I have not been served properly at all.

15. The complain fails to state a claim upon which relief can be granted. As per Rule 12(b)(6) of the Federal Rules of Civil procedure, the facts set out in the plaintiff's complaint are not enough to warrant any remedy under the law.

17. I have been advised, and verily believe, from Kenneth W. Watts, a lawyer in the Province of Ontario, and a Licencee of the Law Society of Upper Canada, #16202W, that the service of the Complaint should comply with the Laws of Province of Ontario (*Rules of Civil Procedure*) for the service of an originating process.

18. The complaint would be an originating process under Ontario law. Under Ontario law, an originating process requires personal service on individuals, and more particularly, rule 16.01(1) of *Rules of Civil Procedure*. Attached as Exhibit "A" is a copy of said rules 16.01(1) and 16.02(1).

19. Personal service would mean physical service of the document (Complaint) by a Sheriff, Enforcement officer or a Process Server, on the individual. Service by mail or registered mail is not considered personal service.

20. The *Rules of Civil Procedure* in Ontario permit alternative service (rule 16.03). Attached as

Exhibit "B" is a copy of the said rule 16.03.

21. Rule 16.03(2) and (3) are not applicable as I have no lawyer acting for me, and therefore there would be no lawyer that has been served.

22. Rule 16.04 is not applicable as no receipt card (form 16A) was included with the registered mail or returned to the Plaintiff.

23. Rule 16.05 is not applicable as there was no personal service.

24. If no personal service or alternative to personal service is available, Plaintiff must obtain a Court Order signed by a Judge or Master for substituted service or dispensing with service. Attached as Exhibit "C" is a copy of the said rule 16.04(1).

25. Service of process on persons outside the Unites States of America is required to conform the provisions of the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial matters.

26. The filing of this Declaration is not to be deemed that I have attorned to the jurisdiction of the State of Florida or the United States District Court for the Southern District of Florida or any other jurisdiction of the United States of America.

Respectfully submitted this 22[th] October, 2010.

_____
Senol Taskin
Kavakli Mevkii, Istanbul Cad. No: 6
Beylikduzu, Istanbul, Turkey

## SERVICE

## RULE 16 SERVICE OF DOCUMENTS

## GENERAL RULES FOR MANNER OF SERVICE

**Originating Process**

**16.01 (1)** An originating process shall be served personally as provided in rule 16.02 or by an alternative to personal service as provided in rule 16.03. R.R.O. 1990, Reg. 194, r. 16.01 (1); O. Reg. 131/04, s. 8.

**PERSONAL SERVICE**

**16.02 (1)** Where a document is to be served personally, the service shall be made,

**Individual**

(a) on an individual, other than a person under disability, by leaving a copy of the document with the individual;

---

This is Exhibit "A" referred to in the Affidavit of Senol Taskin sworn before me, this 25th day of January, 2010

*[signature]*

*A Commissioner for taking Affidavits*

# SERVICE
## RULE 16 SERVICE OF DOCUMENTS
## GENERAL RULES FOR MANNER OF SERVICE

### ALTERNATIVES TO PERSONAL SERVICE

*Where Available*

<u>16.03 (1)</u> Where these rules or an order of the court permit service by an alternative to personal service, service shall be made in accordance with this rule. R.R.O. 1990, Reg. 194, r. 16.03 (1).

*Acceptance of Service by Lawyer*

<u>(2)</u> Service on a party who has a lawyer may be made by leaving a copy of the document with the lawyer or an employee in the lawyer's office, but service under this subrule is effective only if the lawyer endorses on the document or a copy of it an acceptance of service and the date of the acceptance. O. Reg. 575/07, s. 17.

<u>(3)</u> By accepting service the lawyer shall be deemed to represent to the court that the lawyer has the authority of his or her client to accept service. R.R.O. 1990, Reg. 194, r. 16.03 (3); O. Reg. 575/07, s. 1.

*Service by Mail to Last Known Address*

<u>(4)</u> Service of a document may be made by sending a copy of the document together with an acknowledgment of receipt card (Form 16A) by mail to the last known address of the person to be served, but service by mail under this subrule is only effective as of the date the sender receives the card. O. Reg. 24/00, s. 3.

*Service at Place of Residence*

<u>(5)</u> Where an attempt is made to effect personal service at a person's place of residence and for any reason personal service cannot be effected, the document may be served by,

    (a) leaving a copy, in a sealed envelope addressed to the person, at the place of residence with anyone who appears to be an adult member of the same household; and

    (b) on the same day or the following day mailing another copy of the document to the person at the place of residence,

and service in this manner is effective on the fifth day after the document is mailed. R.R.O. 1990, Reg. 194, r. 16.03 (5).

This is Exhibit "B" referred to in the Affidavit of Senol Taskin sworn before me, this 25th day of January, 2010

*A Commissioner for taking Affidavits*

# SERVICE

## RULE 16 SERVICE OF DOCUMENTS

## GENERAL RULES FOR MANNER OF SERVICE

### SUBSTITUTED SERVICE OR DISPENSING WITH SERVICE

*Where Order May be Made*

**16.04** (1) Where it appears to the court that it is impractical for any reason to effect prompt service of an originating process or any other document required to be served personally or by an alternative to personal service under these rules, the court may make an order for substituted service or, where necessary in the interest of justice, may dispense with service. R.R.O. 1990, Reg. 194, r. 16.04 (1).

*Effective Date of Service*

(2) In an order for substituted service, the court shall specify when service in accordance with the order is effective. R.R.O. 1990, Reg. 194, r. 16.04 (2).

(3) Where an order is made dispensing with service of a document, the document shall be deemed to have been served on the date of the order for the purpose of the computation of time under these rules. R.R.O. 1990, Reg. 194, r. 16.04 (3).

---

This is Exhibit "C" referred to in the Affidavit of Senol Taskin sworn before me, this 25th day of January, 2010

*A Commissioner for taking Affidavits*