UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 08-60623-DIMITROULEAS

Magistrate Judge Snow

BANK OF MONGOLIA,

        Plaintiff,

v.

M&P GLOBAL FINANCIAL SERVICES, et al.,

        Defendants.
_____/

## ORDER DENYING MOTION TO ALTER/AMEND JUDGMENT OR FOR RELIEF FROM A JUDGMENT

THIS CAUSE is before the Court upon the November 8, 2010 filing of Senol Taskin's Declaration [DE-371], which the Court construes as a Motion to Alter/Amend a Judgment or for Relief from a Judgement. The Court has carefully considered the Motion, Plaintiff's Response [DE-380],[1] and is otherwise fully advised in the premises.

## I. BACKGROUND

On December 11, 2009, Plaintiff Bank of Mongolia ("BOM") filed its amended Complaint ("Complaint"), including claims against Defendant Senol Taskin ("Taskin"). [DE-140]. Taskin was served on January 7, 2010, by registered mail. [DE-162]. On February 23, 2010, the Clerk entered a default against Taskin for failure to appear, answer or otherwise plead to the Complaint filed herein within the time required by law. [DE-164]. Plaintiff filed a Motion for Default Judgment against Taskin on March 19, 2010. [DE-186]. After Taskin failed to respond to the Motion for Default Judgment, on April 6, 2010, the Court issued an Order to

---

[1] Defendant Senol Taskin failed to file a reply in support of the instant Motion despite that the time for doing so has passed.

Show Cause [DE-217], requiring Taskin to file a Response to the Motion for Default Judgment on or before April 16, 2010.  The Court further indicated that a failure to timely respond would result in the immediate entry of a default judgment.  Taskin failed to respond to the Order to Show Cause.

As such, on April 19, 2010, pursuant to Rule 58(a) a separate final judgment ("Final Judgment") was entered against Taskin [DE-236], with the Court referring the matter to United States Magistrate Judge Lurana S. Snow for an evidentiary hearing on the amount of damages and for appropriate disposition or report and recommendation.  On October 12, 2010, Magistrate Judge Snow issued a Report and Recommendation [DE-364], recommending judgment in the amount of $67,639,921.62 against Taskin.  Taskin never objected to the Report and Recommendation.  On November 1, 2010, the Court adopted the Report and Recommendation and determined that judgment in the amount of $67,639,921.62 be entered against Taskin.  [DE-370].  Thereafter, on November 9, 2010, Taskin submitted the instant Motion.

## II.  DISCUSSION

While the basis for the instant Motion is far from clear, importantly, Taskin does not appear to be objecting to the Court's November 1, 2010 Order adopting the Report and Recommendation.  Notably, the Motion was signed by Taskin on October 22, 2010, before the November 1, 2010 Order was even issued by the Court.  Instead, Taskin seems to be requesting that the Court disturb the Final Judgment entered on April 19, 2010.  Specifically, Taskin appears to be trying to attack the Final Judgment on the grounds that this Court lacks subject matter jurisdiction over this case, that Taskin is not subject to the personal jurisdiction of this Court,

2

that venue is improper, that service was improper, and that the Complaint fails to state a claim upon which relief can be granted.

BOM responds to the instant Motion by arguing that to the extent the instant Motion is one to alter/amend the Final Judgment it is untimely and should be dismissed. The Court agrees. A review of the docket makes clear that a separate Final Judgment pursuant to Rule 58(a) was entered against Taskin in this matter on April 19, 2010, and, therefore, Taskin's Motion – filed some seven months after entry of the Final Judgment – is far outside of the 28-day limit for filing motions to alter or amend as provided in Federal Rule of Civil Procedure 59(e). *See* Fed. R. Civ. P. 59(e) ("A motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment.").

Next, BOM argues that to the extent the Motion is one for relief from judgment under Rule 60(b), the Motion also fails. Federal Rule of Civil Procedure 60(b) provides that

> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

Fed. R. Civ. Pro. 60(b). Further, the Federal Rules provide that a "motion under Rule 60(b) must be made within a reasonable time . . ." Fed. R. Civ. Pro. 60(c).

Rule 60(b) motions are committed to the district court's sound discretion and should be construed in order to do substantial justice, but "[t]he desirability for order and predictability in the judicial process speaks for caution in the reopening of judgments." *Griffin v. Swim-Tech*

3

*Corp.*, 722 F.2d 677, 680 (11th Cir. 1984).  To this end, Rule 60(b) "must be carefully interpreted to preserve the delicate balance between the sanctity of final judgments and the 'incessant command of the court's conscience that justice be done in light of all the facts.'"  *Id.* (internal citations omitted).  Thus, to prevail, a party "must demonstrate a justification so compelling that the district court [is] required to vacate its order." *Thompson v. Hicks*, 213 Fed. Appx. 939, 941 (11th Cir. 2007) (internal citations omitted).  BOM argues that of the reasons listed in Rule 60(b) only mistake, inadvertence, surprise or excusable neglect under (b)(1) or that the judgment is void under (b)(4) could apply to the instant Motion.  Regardless, BOM argues that neither of these grounds justify the extraordinary remedy of setting aside the default judgment against Taskin.

A.   **Mistake, Inadvertence, Surprise or Excusable Neglect**

First, BOM argues that Taskin has failed to assert any "good reason" for his failure to respond to the Complaint in order to set aside the Final Judgment under Rule 60(b)(1).  The Eleventh Circuit explained that in order to have the default judgment set aside on the basis of excusable neglect, the party "must show that it had a meritorious defense, that [the plaintiff] would not be prejudiced if the judgment were set aside, and that it had a 'good reason' for failing to respond to [the plaintiff's] complaint."  *Sloss Indus. Corp. v. Eurisol,* 488 F.3d 922, 934 (11th Cir. 2007) (internal citations omitted).  The Eleventh Circuit continued that the "longer a defendant-even a foreign defendant-delays in responding to a complaint, the more compelling the reason it must provide for its inaction when it seeks to set aside a default judgment." *Id.* at 935.

BOM points out that Taskin's Motion makes clear that he received the Summons and Complaint in January of 2010, as Taskin indicates that "no receipt card (form 16A) was included

4

with the registered mail or returned to Plaintiff." [DE-371, ¶ 22]. Further Taskin indicates he consulted a lawyer in Canada and the exhibits included with the Motion were clearly attested to as of January 25, 2010. As such, BOM argues that by January 25, 2010, Taskin had the opportunity to consult Canadian counsel and execute affidavits about service, but nonetheless deliberately waited until November 9, 2010 to file the instant Motion. BOM also points out that the Motion is devoid of any details as to why Taskin failed to make a limited appearance to raise objections to the Complaint or as to when he learned of the initial default and Final Judgment. BOM argues that Taskin's purposeful delay in seeking relief from the Final Judgment and willful failure to answer the complaint and motion for default judgment does not justify the extraordinary remedy contemplated under Rule 60(b). Instead, BOM argues that Taskin's culpable conduct is responsible for the entry of the Final Judgment. *See Direct Mail Specialists, Inc. v. Eclat Computerized Techs., Inc.,* 840 F.2d 685, 690 (9th Cir. 1988) (refusing to vacate the default judgment and concluding that if the "defendant 'has received actual or constructive notice of the filing of the action and failed to answer' his conduct is culpable").

      The Court agrees. Federal Rule of Civil Procedure 60(c) specifically provides that a "motion under Rule 60(b) must be made within a reasonable time . . . ." In determining whether a Rule 60(b) motion is filed within a reasonable time, courts consider if the opposing party has been prejudiced by the delay and whether a good reason has been presented for failing to take action sooner. *BUC Int'l Corp. v. Int'l Yacht Council Ltd.*, 517 F.3d 1271, 1275 (11th Cir. 2008). Taskin has offered no evidence whatsoever here that he acted with due diligence or presented some good reason as to why he waited ten months after service of the Summons and Complaint and seven months after entry of the Final Judgment to raise his objections to this

action. On the contrary, as pointed out by BOM, Taskin's Motion makes clear that he was aware of the Summons and Complaint in January of 2010, consulted a lawyer, and obtained affidavits about service on January 25, 2010. Instead of timely objecting to this action within a reasonable period, Taskin elected to wait until November 9, 2010 to respond in any manner to the Complaint. Taskin did so at his own peril. While Taskin delayed, Final Judgment was entered against him and this entire action was fully resolved and, thus, relief from the Final Judgment now would greatly prejudice BOM. Based upon this evidence, the Court is not persuaded that Taskin is entitled to the extraordinary remedy of relief from the Final Judgment under Rule 60(b)(1) since he failed to file the instant Motion within a reasonable time.[2]

**B.      Judgment is Void**

BOM argues that the entry of the Final Judgment was not void such that Rule 60(b)(4) has no application here. "Federal courts considering Rule 60(b)(4) motions that assert a judgment is void because of a jurisdictional defect generally have reserved relief only for the exceptional case in which the court that rendered judgment lacked even an 'arguable basis' for jurisdiction." *United States Aid Funds, Inc. v. Espinosa,* 130 S.Ct. 1367, 1377 (2010). BOM argues that Taskin's conclusory and self-serving statements regarding jurisdiction and service do not support a finding that the Court lacked an arguable basis for jurisdiction and, therefore, the Final Judgment is not void and the instant Motion should be denied.

---

[2] The Eleventh Circuit concluded that a Rule 60(b)(4) motion raising a jurisdictional defect in the judgment is not subject to Rule 60(c)'s reasonable time limitation. *See Wattleton v. U.S.,* 384 Fed. Appx. 907, 908 (11th Cir. 2010). As such, since Taskin has raised purported jurisdictional defects in the instant Motion, the Court will address Taskin's Rule 60(b)(4) arguments in turn.

### i. Lack of Subject Matter Jurisdiction

Taskin argues that the Court lacks subject matter jurisdiction as there is no claim under Federal Law.  In response, BOM argues that Counts I and II of the Complaint show that BOM was defrauded by Defendants, including Taskin, individually and jointly, in violation of the federal RICO statute, 18 U.S.C. § 1961, *et seq*.  Additionally, BOM argues that this Court has subject matter jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367(a).  To the extent that Taskin is attempting to argue that BOM cannot bring its RICO claims because BOM is not chartered or registered in the U.S., none of its actions took place in the U.S., and no harm was done to any citizen or business in the U.S. [DE-371, ¶ 10], BOM argues that the Eleventh Circuit has held that the RICO act may apply extraterritorially "if conduct material to the completion of the racketeering occurs in the United States, or if significant effects of the racketeering are felt here."  *Liquidation Com'n of Banco Intercontinental, S.A. v. Renta,* 530 F.3d 1339, 1351-52 (11th Cir. 2008).

Again, the Court agrees with BOM.  Consistent with the Court's previous Order Denying Motion to Dismiss [DE-334], the Court finds that BOM has plausibly alleged significant amounts of conduct by the Defendants in furtherance of the RICO conspiracy in the U.S. for this Court to have subject matter jurisdiction over the action.  The Court finds Taskin's arguments regarding lack of subject matter jurisdiction to be without merit and, therefore, such arguments do not entitle Taskin to relief from judgment under Rule 60(b)(4).

### ii. Lack of Personal Jurisdiction

Taskin also argues that he is not subject to the personal jurisdiction of this Court.  In response, BOM argues that the exercise of personal jurisdiction comports with due process when

7

"(1) the nonresident defendant has purposefully established minimum contacts with the forum . . . and (2) the exercise of jurisdiction will not offend traditional notions of fair play and substantial justice." *U.S. SEC v. Carrillo,* 115 F.3d 1540, 1542 (11th Cir. 1997) (internal citations omitted).

BOM argues that this Court has personal jurisdiction over Taskin because BOM's cause of action arises from or is directly related to Taskin's contacts with the U.S., and with Florida in particular. In contradiction to Taskin's conclusory statements, BOM offers the following evidence of Taskin's contacts with the U.S. and Florida: (1) although Taskin stated he visited Florida only once on personal business, Defendant Suzanne Greenberg testified that Taskin visited the office of the Defendants in Florida on several occasions [DE-380-5]; (2) although Taskin contends he does not have a bank account in Florida, Defendant Suzanne Greenberg testified that Taskin had one account that was used for transactions involving M&P [DE-380-5, 380-6]; (3) while Taskin claims he never conducted any business in Florida, Defendant Burton Greenberg introduced Taskin to others as an officer of M&P [DE-380-7] and Taskin spent a large amount of time working for M&P Global, a Florida corporation [DE-380-8]; (4) while Taskin contends he did not know he was an officer of GT International Holdings, BOM argues that this assertion is incredulous given that the papers listing Taskin as an officer were signed by Taskin's close associate Joel Greenberg, the documents listing Taskin as an officer were publically listed, and Taskin used a GT International email address to conduct business from 2008 onwards [DE-380-9, 380-10, 380-11]; and (5) while Taskin contends he is not subject to taxation in the United States, BOM argues that this fact is far from certain since Taskin was listed as an officer of GT International, was held out as a Director of M&P Global and received income in connection with his work for these entities [DE-380-5, 380-6, 380-12]. BOM argues that since the federal RICO

statute authorizes nationwide service of process, the proper forum for minimum contacts analysis is the United States.  BOM argues that Taskin has sufficient minimum contacts with Florida specifically and the United States generally to be subject to this Court's jurisdiction.

The Court agrees with BOM.  Given this evidence, the Court is persuaded that Taskin has sufficient minimum contacts with Florida and the United States such that the exercise of personal jurisdiction over Taskin would not offend the Due Process Clause.  Taskin's conduct manifested a continual course of business dealings with the other Defendants in Florida over a period of several years that relates directly to BOM's claims in the Complaint such that Taskin availed himself of the privilege of conducting activities in Florida and reasonably could have anticipated being sued here.  Consequently, the Court finds that the exercise of personal jurisdiction over Taskin would not offend traditional notions of fair play and substantial justice and that Taskin is not entitled to relief from judgment under Rule 60(b)(4) on this ground.

### iii.   *Improper Venue*

Taskin argues that venue is improper since he does not reside in this district and no part of the events and omissions giving rise to the claim occurred in this district.  BOM points to 28 U.S.C. § 1391(b)(2)-(3) which provides that a civil action not founded solely on diversity of citizenship may be brought in a judicial district where "a substantial part of the events or omissions giving rise to the claim occurred."  BOM points to fact that Taskin's associates in the RICO enterprise are located in Florida and all of the Defendants sent mails, made phone calls, and otherwise directed and participated in the fraudulent scheme from their homes or offices in Florida.  [DE-297, ¶¶ 36, 42].  As such, BOM argues that the conduct material to the completion of the racketeering scheme against BOM occurred in Florida such that venue is proper.  Further,

BOM argues that "if a party is in default by failing to appear or to file a responsive pleading, defects in venue are waived, a default judgment may be validly entered and the judgment cannot be attacked collaterally for improper venue." *Williams v. Life Sav. & Loan,* 802 F.2d 1200, 1202 (10th Cir. 1986). "Defects in venue do not affect the court's power and a valid default judgment may be entered by a court notwithstanding the defect." *Id.* The Court agrees with BOM that there is sufficient evidence in the record that venue is proper in this district and further finds that Taskin waived any arguments relating to a defect in venue. As such, Taskin is not entitled to relief from judgment under Rule 60(b)(4) on this ground.

### iv. *Insufficient Service*

Next, Taskin argues that he was not properly served and that service should have complied with the laws of the Province of Ontario. BOM points out that the "principle purpose of the service of process rule is to give the defendant notice that an action has been initiated" and "[i]t is well-established that once a defendant has actual notice of the pendency of an action, the requirements of Fed. R. Civ. P. 4 are to be liberally construed." *Banco Latino, S.A.C.A. v. Gomez Lopez,* 53 F. Supp. 2d 1273, 1277 & 1281 (S.D. Fla. 1999). Similarly, BOM points out that the "aim of the Hague Convention is to ensure that individuals receive notice of judicial/extrajudicial documents and to provide a simple and expeditious procedure." *Id.* at 1279-80. "Notice of a complaint coupled with good faith attempted service is sufficient to confer jurisdiction where a party is evading service of process." *Id.* at 1281. BOM points out that it is clear that Taskin had actual notice of the action pending against him through the instant Motion and BOM engaged in a good faith attempt to effect service upon Taskin. BOM argues that even if there was a purported deficiency in service this does not amount to a violation of constitutional

due process.  BOM argues due process requires "notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections."  *Mullane v. Centr. Hanover Bank & Trust Co.,* 339 U.S. 306, 314 (1950); *see also United Student Aid Funds,* 130 S.Ct. At 1378 (concluding that the failure to serve a summons and complaint did not entitle the party to relief under Rule 60(b)(4) where the party received actual notice of the filing).  BOM argues that Taskin had actual notice and, therefore, his Rule 60(b)(4) Motion based upon insufficient service should be denied.

Regardless, BOM argues that service by registered mail was proper under the Federal Rules of Civil Procedure 4(f)(1) and the Hague Convention since the Hague Convention allows service by registered mail and Canada which is a party to the Hague Convention does not object to service by postal channels.  *See Heredia v. Transport S.A.S., Inc.,* 101 F. Supp. 2d 158, 161 (S.D.N.Y. 2000) (concluding that service by registered mail in Canada was adequate service under the Hague Convention since Canada does not object to service by postal channels).  The Court is persuaded by the extensive authority cited by BOM supporting service by registered mail under the Hague Convention.  Therefore, the Court finds that the service upon Taskin by registered mail in Canada was appropriate and sufficient service since Canada is a party to the Hague Convention and Canada does not object to service by postal channels.  *See Tracefone Wireless, Inc. v. Bequator Corp.,* 717 F. Supp. 2d 1307, 1309-1310 (S.D. Fla. 2010) (concluding that service upon the foreign defendant by international express mail and FedEx was permissible under the Federal Rules and the Hague Convention where there was no objection by the receiving country).

Moreover, BOM argues that even if the Court were to determine that the Hague Convention does not independently authorize service by registered mail, service was also proper under Federal Rule 4(f)(2)(A) and the Canadian Rules of Civil Procedure. In *Mitchell v. Theriault,* the court explained that "Canadian law provides that originating documents in litigation 'shall be served personally in a manner set out in rules 128 to 133.'" 516 F. Supp. 2d 450, 456-57 (M.D. Pa. 2007) (citing Service of Documents SOR/1998-106 § 127 (Can)). The court continued that in "accordance with those rules, personal service on an individual may be made 'by mailing the document by registered mail to the individual's last known address, if the individual signs a post office receipt.'" *Id.* (citing Service of Documents SOR/1998-106 § 128 (Can)). Contrary to Taskin's assertion that the laws of the Province of Ontario apply, the *Mitchell* court concluded that "Canada's regulations relating to service of process do not appear to defer to the law of the provinces with regard to service of individuals." *Id.* Therefore, the court found that "[b]ecause Canada's law allows service by registered mail on individuals in 'any of its courts of general jurisdiction,' there does exist an affirmative authorization in U.S. law for the method of service Plaintiffs employed to serve Defendant." *Id.* Similarly here, the Court is persuaded that BOM has established that BOM's service upon Taskin by registered mail was proper under Canadian Rules of Civil Procedure. Therefore, the Court finds that Taskin has not demonstrated entitlement to relief from judgment under Rule 60(b)(4) on the ground of insufficient service.

> **v.**    ***Failure to State a Claim***

Finally, Taskin makes the blanket assertion that the Complaint fails to state a claim upon which relief can be granted. However, the Court finds this argument to be without merit. As

pointed out by BOM, Taskin has provided the Court with no explanation or supporting authority as to how the Complaint somehow fails to state a claim such that Taskin is entitled to the extraordinary remedy of relief from a judgment, much less that the Complaint fails to meet the liberal pleading requirements under Rule 8 and 12.  Instead, the Court is persuaded that BOM has made sufficient factual allegations for plausible claims for relief, which is further supported by the fact that BOM has already received judgments against Taskin's cohorts on BOM's RICO claims.  Consequently, Taskin is not entitled to relief from judgment under Rule 60(b)(4) on this ground.

### III.  CONCLUSION

Accordingly, based upon the foregoing, it is **ORDERED AND ADJUDGED** that Senol Taskin's Declaration [DE-371], which the Court construes as a Motion to Alter/Amend a Judgment or for Relief from a Judgement, is hereby **DENIED.**

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this 13th day of January, 2011.

WILLIAM P. DIMITROULEAS
United States District Judge

Copies furnished to:
Counsel of record

Senol Taskin
105 Burloak Drive
Oakville, Ontario L6L 6E8
Canada

Senol Taskin
Kavakli Mevkii
Istanbul Cad. No: 6
Beylikduzu, Istanbul, Turkey