UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO.: 08-60623-DIMITROULEAS/SNOW

BANK OF MONGOLIA,

    Plaintiff,

v.

M&P GLOBAL FINANCIAL SERVICES, *et al.*,

    Defendants.
_____/

### DEFENDANT SENOL TASKIN'S REPLY MEMORANDUM IN SUPPORT OF MOTION FOR RELIEF FROM FINAL DEFAULT JUDGMENT

The defendant, Senol Taskin, by and through undersigned counsel, submits the Reply Memorandum in support of the Motion for Relief from Final Default Judgment, and states as follows:

#### INTRODUCTION

The response does not change the fact the Court should vacate as void the judgment entered against Taskin. The documents the plaintiff attached and arguments the plaintiff asserted fail to establish either a *prima facie* claim or "arguable basis" that the Court had personal jurisdiction over Taskin. At a minimum, the plaintiff appears to agree an evidentiary hearing would have been appropriate given the conflict between the plaintiff's allegations and Taskin's Declaration. But the plaintiff claims no such hearing was necessary because Taskin's Declaration is a sham. Comparing the Declaration with the plaintiff's allegations and record evidence demonstrates Taskin's Declaration cannot be a sham.

The comparison also makes clear the plaintiff failed to meet its burden to establish personal jurisdiction. The plaintiff can point to no facts or evidence showing Taskin conducted business in Florida. Further, the plaintiff fails to address how asserting jurisdiction over Taskin comports with traditional notions of fair play and substantial justice. Finally, the plaintiff's claims regarding service of process ignores the United States Supreme Court's holding that strict compliance with the Hague Convention is necessary in all circumstances in which it applies.

Accordingly, the Court should vacate as void its judgment against Taskin, and dismiss the claims against him for lack of personal jurisdiction and lack of sufficiency of process.

## ARGUMENT

### A. Taskin Did Not File Two Rule 60(b)(4) Motions.

The plaintiff attempts to argue the Court should summarily deny Taskin's motion because it is the second time Taskin has sought relief under Rule 60(b)(4). [D.E. 434 at 4-6.] The plaintiff is wrong. Taskin's Declaration sought no relief under Rule 60, or under any other federal rule. [D.E. 371.] While the Court decided to construe the Declaration as a 60(b)(4) motion, the plaintiff cannot contend Taskin's Declaration, as written, constituted an initial 60(b)(4) motion.

The cases the plaintiff cited are both factually and legally different. In *Planet Corp. v. Sullivan*, the defendant did not seek relief under Rule 60(b)(4). *See* 702 F.2d 123, 125 (7th Cir. 1983). Consequently, the court rejected the defendant's submissions because it found the delay was unreasonable in light of the one-year requirement for 60(b) motions. *See id.* at 126-27. Both parties here agree the one-year requirement does not apply to Rule 60(b)(4) motions. *See Hertz Corp. v. Alamo Rent-a-Car, Inc.*, 16 F.3d 1126, 1130-31 (11th Cir. 1994).

In addition, in *Latham v. Wells Fargo Bank*, the defendant twice sought relief under Rule 60(b), and stated so in both motions. 987 F.2d 1199, 1203 (5th Cir. 1993). And as the plaintiff acknowledged in its brief, the defendant in *Latham* did not primarily base her challenge to the judgment on a claim the court lacked jurisdiction; rather, she claimed she had not received proper notice of the judgment. *See id.* at 1204; D.E. 434 at 5. Similarly, in *Gordon v. Monoson*, the defendant filed two Rule 60(b)(4) motions, 17 years apart, making the same arguments in each motion. 239 Fed. Appx. 710, 713-14 (3d. Cir. 2007). The defendant's second motion primarily argued inadequate notice, rather than lack of jurisdiction. *See id.* at 714.

Only once has Taskin asserted the judgment against him was void for lack of personal jurisdiction and insufficiency of service of process. He did so on September 2, 2011, when he filed the motion the Court is now considering. While Taskin's Declaration states facts implicating legal themes similar to the arguments made in the September 2, 2011 motion, his Declaration did not address the facts alleged in the amended complaint, or the evidence the

2

plaintiff claimed to have adduced in the proceedings. Moreover, Taskin submitted his declaration before he had engaged undersigned counsel, or any other counsel, to represent him in this matter. As recognized in a case the plaintiff cited in its response, when a defendant is appearing *pro se*, a court will not hold the defendant's pleadings to the standard of a practicing attorney, but will liberally construe the pleadings. *See U.S. v. Brown*, No. 10-08780, 2010 WL 55469, at *1, n. 1 (S.D. Fla. Jan. 7, 2010). The Court should therefore not use its liberal construction of the *pro se* Declaration to prejudice Taskin now.

The plaintiff fails in its claims Taskin is attempting to mislead the Court by claiming the Declaration was not challenging the final judgment in this case. The dates are indisputable; Taskin signed the Declaration on October 22, 2010, and the Court entered its Order adopting the Report and Recommendation on November 1, 2010. [D.E. 370, 371.] The Court did not construe Taskin's Declaration as a motion seeking relief from the April 19, 2010 Order until November 9, 2010, after Taskin had signed the Declaration. [D.E. 381.] Given the timing of the Declaration and the Court's Orders, the lack of any relief sought in the Declaration, and given Taskin was *pro se* at the time he submitted the Declaration, the Court should liberally construe Taskin's Declaration to allow a *de novo* review of the pending motion.

   **B.** **Taskin's Declaration Is Not a "Sham," and Given the Factual Conflicts, the Parties Should have Presented Evidence at a Hearing.**

The plaintiff acknowledged the Court must conduct an evidentiary hearing when there are competing facts concerning the question of personal jurisdiction. *See Laux v. Carnival Corp.*, 470 F. Supp. 2d 1379, 1383 (S.D. Fla. 2007); [D.E. 434 at 7.] To avoid addressing the previously required evidentiary hearing, the plaintiff attempts to claim Taskin's Declaration is a "sham." It therefore follows if the Court finds Taskin's Declaration is not a sham, the plaintiff agrees the parties should have presented evidence at an evidentiary hearing to address the question of personal jurisdiction.

Taskin's Declaration is not a "sham." The plaintiff stated the general definition of a sham affidavit in its brief, but omitted the qualifier that an affidavit may **only** be disregarded as a sham when a party has given clear answers to unambiguous questions, and thereafter attempts, through affidavit, to create ambiguity by contradicting, without explanation, the previous given testimony. *See* D.E. 434 at 7; *see also Tippins v. Celotex Corp.*, 805 F.2d 949, 954 (11th Cir.

3

1986). In practice, courts compare an affidavit with that party's previous deposition testimony, and record evidence, resolving all doubts in favor of the affiant to determine whether the affidavit is "inherently irreconcilable" with the previous testimony. *See id.* at 954, n. 6.

Here, the plaintiff never deposed Taskin. There is no previous testimony of Taskin to compare with the November 8 Declaration. Thus, as a matter of law, Taskin's Declaration is not a sham. But even if the Court compared Taskin's Declaration with other information contained in the record, Taskin's Declaration is not "inherently irreconcilable" with the other testimony and documents. To the contrary, Taskin's Declaration does not conflict with the record.

Specifically, Taskin, in 2010, stated he "ha[s] no bank accounts…in Florida." [D.E. 371, ¶ 6.] The plaintiff claims the existence of a bank account in Taskin's name in Florida as of 2006 renders Taskin's Declaration a sham. But Taskin's statement he does not have a bank account in Florida has not been established to be false by the plaintiff pointing to an old bank account Taskin had in 2006.

But aside from the fact the statement is consistent with the record, the bank account records relied on in the response show the account to have had no more than $300.00 in funds over the 6 months covered within the exhibit. [D.E. 434, Ex. A.] As stated in the case law cited by the plaintiff, a bank account does not confer personal jurisdiction; rather, the defendant's use of the bank account must (1) be manifestly related to the alleged claims, and (2) give rise to the alleged claims. *See SEC v. Castillo*, 115 F.3d 1540, 1545 (11th Cir. 1997). The plaintiff has not alleged, and does not state in the response, the plaintiff used the account in Wachovia that was in his own name to carry out the acts giving rise to the claims alleged against him. As such, the plaintiff's statements regarding the account Taskin once held in his own name in Florida are irrelevant to the question of whether the Court could exercise personal jurisdiction over him for the claims alleged in the amended complaint.

The plaintiff also claims, in conclusory fashion, Taskin stated he was not an officer of any of the Florida entities in question, and then uses emails purporting to hold Taskin out as an officer/director of GTI International and M&P Corporate, and directing the Florida entities' actions. [D.E. 434 at 7-8.] But Taskin stated in his Declaration he was aware he had been named a director of GTI International, but it was without his consent. [D.E. 371, ¶ 9.] Taskin made no statement regarding his position with M&P Corporate. Moreover, Taskin admitted he

had communicated via email, with "some American companies." [D.E. 371, ¶ 2.]  In short, there is not an inherent irreconcilability between Taskin's Declaration and the record evidence.

The response reveals a further disconnect between what the plaintiff has submitted as evidence to avoid vacating the judgment, and the law regarding personal jurisdiction over corporate officers and directors.  As Taskin stated in the motion, in order for a nonresident corporate director to be subject to personal jurisdiction based on conducting business in the forum state, he must have acted individually for his own benefit, not just for the benefit of the corporation, and in doing so, caused harm to the plaintiff in the forum state.  *See Doe v. Thompson*, 620 So. 2d 1004, 1006 (Fla. 1993); D.E. 432.

Here, none of the documents the plaintiff has attached show Taskin acting outside his role as a member of the companies at issue.  [D.E. 434, Exs. B-P.]  There are no documents showing Taskin undertaking such conduct *in Florida*, or anywhere else in the United States.  *See id.*  Every email appears to have originated from Taskin's Canadian email address, and Taskin's contact information was in Canada, not Florida.  [D.E. 434, Ex. O, pg. 88.]  There are also no documents showing Taskin was acting for his own benefit, as opposed to the benefit of the corporation.  There are no documents showing Taskin caused any harm in Florida to the Bank of Mongolia.

The case law and evidence establish that Taskin conducted his activities from Canada involving a company registered to do business in Florida, which does not equate to conducting business in Florida.  In reality, as the plaintiff cited in its response, the situation was as Burton Greenberg testified: Taskin operated out of his home in Canada.  [D.E. 434 at 2.]  Without any evidence showing Taskin undertook any act in Florida, or in any other state, which related to the claims alleged against him, the plaintiff cannot establish a *prima facie* claim for asserting personal jurisdiction over Taskin.

The plaintiff also cites to evidence Taskin has been to Florida more than 10 times. Regardless of the number of visits, Taskin visiting Florida does not by itself vest the Court with personal jurisdiction unless the visits are connected with, or give rise to the claims alleged against him.  Indeed, the plaintiff has not alleged or argued Taskin's visits to Florida were connected with any acts attributed to him as the basis of the claims alleged.

5

In sum, Taskin's Declaration is not a sham affidavit. To the contrary, Taskin's Declaration contains factual statements, which show the Court lacks personal jurisdiction over him. [D.E. 371.] But because there is at least some conflict between the statements in the Declaration and the evidence put forth by the plaintiff, the parties should have presented evidence during a hearing on personal jurisdiction. The plaintiff, therefore, failed to meet its burden, and the Court should vacate the judgment against Taskin because there is no basis for asserting personal jurisdiction over him.

### C. The Plaintiff Has Failed to Meet Its Burden on Personal Jurisdiction.

For the reasons stated in part B, *supra*, it is clear the plaintiff has failed to meet its burden to make a *prima facie* showing for the Court to exercise personal jurisdiction over Taskin. The plaintiff makes additional arguments in Part III of its response, each of which is also legally and factually insufficient to justify it maintaining the void judgment.

First, the plaintiff conflates the allegation Taskin had a bank account in his own name with the allegation he directed the transfer of funds out of accounts held in Florida. Based on the plaintiff's own submission, it has not shown Taskin directed the transfer of funds out of the account he held in his own name sometime between 2005-06. [D.E. 434, Ex. A.] Instead, the alleged fund transfers did not, as framed, originate from the account the plaintiff identified as Taskin's. *Compare* D.E. 434, Ex. A, *with* Ex. P. The accounts from which funds were transferred to Taskin were not in Taskin's name, and, accepting the statements as accurate only for the purposes of the motion and reply, the most the plaintiff can allege is monies were transferred out of Florida – not into Florida – to *Canada*. [D.E. 434, Ex. P.] While a transfer into Florida could be the basis for the Court to exercise personal jurisdiction over Taskin, a nonresident accepting funds from an account in Florida is not sufficient. *Compare In re Chase & Sanborn Corp.*, 835 F.2d 1341, 1345 (11th Cir. 1988), *overturned on other grounds*, 492 U.S. 33 (1989), *with Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 416-17 (1984). Thus, as alleged, and as presented by the plaintiff, the bank accounts, and the substance of the transaction alleged, do not give rise to personal jurisdiction over Taskin.

Second, the plaintiff claims the Amended Complaint is "replete" with allegations Taskin conducted business in Florida. [D.E. 434 at 10, n.7.] To support this claim, the plaintiff cites to 4 paragraphs in the Amended Complaint. *See id.* The 4 paragraphs set forth general allegations

6

concerning the position Taskin held with the defendant entities, and statements generally alleging Taskin conducted business in Florida. [D.E. 140 at ¶¶ 23-27.] There are no specific facts alleged within the 4 paragraphs, or anywhere else in the Amended Complaint, showing conduct by Taskin taking place in Florida, or in any other state. [D.E. 140.]

In addition, the plaintiff claims any business activity conducted by "the enterprise" – and, by extension, Taskin – that is in any way related to Florida is relevant for the Court to decide personal jurisdiction. [D.E. 434 at 11.] The plaintiff therefore claims acts having nothing to do with the claims asserted by the Bank of Mongolia are relevant for the Court to decide whether to assert personal jurisdiction. By making such an argument, the plaintiff has ignored the case on which it principally relies: it must establish Taskin's contacts with Florida related to the plaintiff's claim, or give rise to it. *See Carillo*, 115 F.3d at 1542. The two requirements ensure a defendant is subject to litigation in a specific forum only when his conduct and connection with the forum are such that he could have reasonably anticipated being sued in the forum. *See Oldfield v. Pueblo de Bahia Lora, S.A.*, 558 F.3d 1210, 1220-21 (11th Cir. 2009) (*citing World-Wide Volkswagen Corp. v. Woodson*, 100 S.Ct.559, 567 (1980)).

Moreover, Bank of Mongolia did not assert claims on behalf of any other entity. And the Amended Complaint makes clear the plaintiff is the only party claimed to be defrauded as a result of the RICO claims. [D.E. 140 at ¶¶ 277-297.] To the extent the plaintiff is attempting to argue Taskin is subject to general jurisdiction in the State of Florida, there are no allegations in the Amended Complaint, and no documents introduced, to demonstrate Taskin has continuous and systematic contacts with Florida, or with any other state. *See generally, Hall*, 466 U.S. at 415. Therefore, the Court should reject the plaintiff's attempt to use other, unrelated acts as an attempt to have the Court confer either general or specific jurisdiction.

Third, the plaintiff gives scant attention to the equally important analysis the Court must undertake when determining personal jurisdiction to ensure the exercise of jurisdiction comports with "traditional notions of fair play and substantial justice." *See Carillo*, 115 F.3d at 1542. The only attention the plaintiff gives to the judicial considerations required is to use the claims asserted against the defendant companies to support jurisdiction against Taskin. [D.E. 434 at 12.] Nevertheless, the plaintiff protests that it strains credulity to argue Florida would not have an interest in this case. The plaintiff makes this protest despite the fact the plaintiff has, in

essence, argued Florida has an interest in claims taking place in Canada, alleged by a Mongolian bank, against a resident of Canada. While Florida may have an interest in enforcing claims against Florida residents or Florida companies, it strains credulity that Florida has an interest to adjudicate the dispute against Taskin. As to the remaining factors, Taskin's assertions stand undisputed. Thus, even if the plaintiff had established Taskin had sufficient minimum contacts with Florida, and that he purposefully availed himself of the privilege of conducting business in Florida, the Court should still find there is no personal jurisdiction over Taskin because it would offend traditional notions of fair play and substantial justice.

D.  **Failure to Comply with the Hague Convention Renders the Judgment Void**

In response to Taskin's motion, the plaintiff reiterates the same arguments it previously made, but also contends the Court find that, since Taskin had notice of the pending lawsuit, it should find he was properly served, even if the plaintiff did not serve Taskin pursuant to the Hague Convention. [D.E. 434 at 12-13.] The argument ignores the United States Supreme Court's mandate that a party must comply with the Hague Convention in all circumstances in which the Convention applies, which includes this case. *See Volkswagenwerk Aktiengesellschaft v. Schlunk*, 108 S.Ct. 2104, 2111 (1988). The court in *MAK Petroleum* makes clear why service of the initial process by mail violates the Hague Convention. *See In re MAK Petroleum, Inc.*, 424 B.R. 912, 918-19 (Bankr. M.D. Fla. 2010). The plaintiff does not challenge the finding of *MAK Petroleum*, except to state the Court should ignore the ruling and instead adopt a 2001 decision from Alberta, a U.S. State Department letter from 1991, and decisions from other courts within the Eleventh Circuit that predate *MAK Petroleum*. [D.E. 380 at n. 6.] The fact remains *MAK Petroleum* is the most recent pronouncement from a district court in this Circuit, and this Court should adopt it as precedent in this case.

Ultimately, where, as here, notice of the complaint against Taskin was Taskin's "due," service of process which is a "mere gesture" is not "due process." *See Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 315 (1950). The plaintiff was required to personally serve Taskin with the initial complaint so that Taskin was fully advised and aware of the nature and substance of the claims asserted by the plaintiff, and, as such, could take appropriate action to defend himself. The plaintiff has failed to effectuate proper service, and, accordingly, the Court should declare the judgment void for insufficiency of service of process

## CONCLUSION

Based on the foregoing points and authorities, the defendant, Senol Taskin, respectfully requests this Court enter an Order: (i) vacating the Court's November 1, 2010 and April 19, 2010 Orders of judgment against Senol Taskin; (ii) dismissing, for lack of personal jurisdiction and/or insufficiency of process, the amended complaint asserted against Senol Taskin; and (iii) entering such other and further relief this Court deems proper.

Respectfully submitted,

Polenberg Cooper, P.A.
1351 Sawgrass Corporate Parkway
Suite 101
Fort Lauderdale, FL 33323
(954) 742-9995 (T)
(954) 742-9971 (F)


By:  */s Jon Polenberg*  _____
       Jon Polenberg (FBN 653306)
       Jude C. Cooper (FBN 366160)

**CERTIFICATE OF SERVICE**

  I hereby certify that on September 29, 2011, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served on this 29th day of September, 2011 on all counsel of record or *pro se* parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

                   */s Jon Polenberg*
                   Jon Polenberg

David B. Mankuta, Esq.
Atkinson, Diner, Stone, Mankuta & Ploucha, P.A.
100 SE 3rd Avenue, Suite 1400
Fort Lauderdale, FL 33394

Jose M. Sanchez, Esq.
Atkinson, Diner, Stone, Mankuta & Ploucha, P.A.
100 SE 3rd Avenue, Suite 1400
Fort Lauderdale, FL 33394

Ronald K. Lantz, Esq.
First Professional Building
636 U.S. Highway 1, Third Floor
North Palm Beach, FL 33408