UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 08-60623-CIV-DIMITROULEAS/SNOW

BANK OF MONGOLIA,

    Plaintiff,

vs.

M&P GLOBAL FINANCIAL SERVICES,
*et al.,*

    Defendants.
_____/

REPORT AND RECOMMENDATION

**THIS CAUSE** is before the Court on Defendant Senol Taskin's Motion for Relief from Final Default Judgment (DE 432), which was referred to United States Magistrate Judge Lurana S. Snow. The motion is fully briefed and ripe for consideration.

I. PROCEDURAL HISTORY

The Amended Complaint in this cause was filed on December 11, 2009, and included a claim against Defendant Senol Taskin ("Taskin") for violation of the federal civil RICO statute. (DE 140). Defendant Taskin was served on January 7, 2010, by registered mail. (DE 162). On February 23, 2010, the Clerk entered a default against Taskin for failure to appear, answer or otherwise plead to the Amended Complaint within the time required by law. (DE 164). Plaintiff then filed a Motion for Default Judgment against Taskin on March 19, 2010. On April 16, 2010, after Taskin failed to respond to the Motion for Default Judgment, this Court issued an Order to Show Cause requiring

Taskin to file a response to the Motion for Default Judgment on or before April 16, 2010. (DE 217). In that Order, the Court advised Taskin that a failure to respond in a timely manner would result in the immediate entry of a default judgment. *Id*. Taskin did not respond.

On April 19, 2010, pursuant to Fed.R.Civ.P. 58(a), a Final Judgment was entered against Taskin, and the matter was referred to the undersigned for an evidentiary hearing on the amount of damages. (DE 236). On October 12, 2010, following the hearing, the undersigned issued a Report and Recommendation recommending that judgment be entered against Taskin in the amount of $67,639,921.62. Taskin lodged no objection to the Report and Recommendation, which was adopted by the Court on November 1, 2010.

On November 9, 2010, Taskin filed a document entitled "Declaration," in which he challenged the judgment against him on the grounds that: the Court lacked subject matter and personal jurisdiction, venue was improper, service was insufficient and the complaint failed to state a ground upon which relief could be granted against him. (DE 371). The Court construed Taskin's Declaration as a Motion to Alter/Amend a Judgment or for Relief from a Judgment, and on January 13, 2011, entered an Order denying it. (DE 381). Although the Court agreed with Plaintiff that the motion was not timely filed under Fed.R.Civ.P. 59(e) (Motion to Alter or Amend a Judgment) or Rule 60(b) (Motion for Relief from a Final Judgment), the Court nevertheless considered and rejected on the merits each of Taskin's arguments. *Id*. Taskin did not move to reconsider this Order and did not appeal.

The instant Motion for Relief from Final Default Judgment was filed on September 2, 2011, nearly eight months after the Order denying Taskin's prior motion seeking relief from the Final Judgment was entered against him. The defendant once again argues that this Court lacks personal

jurisdiction and that service of process on Taskin was insufficient.  Plaintiff opposes the motion on the grounds that it is untimely, improper based on the denial of the prior motion and devoid of merit.

## II.  RECOMMENDATIONS OF LAW

In its prior Order of January 13, 2011, this Court found that the plaintiff's request for relief, filed approximately seven months after the entry of final judgment, was not filed within a "reasonable time," as required by Fed. R. Civ. P. 60(c).  It is therefore abundantly clear that the instant motion, filed eleven months after the first motion, is untimely. *Planet Corp. v. Sullivan*, 702 F.2d 123, 126 (7th Cir. 1983).

More importantly, the instant motion raises the same objections that were rejected on the merits in that same Order.  The law is clear that "Rule 60(b) may not be used as an end run to effect an appeal outside the specified time limits, otherwise those limits become essentially meaningless." *Pryor v. U.S. Postal Service,* 769 F.2d 281, 288 (5th Cir. 1985).  *See also, Latham v. Wells Fargo Bank*, 987 F.2d 1199, 1203 (5th Cir. 1993); *Gordon v. Monoson*, 239 Fed. Appx. 710, 714 (3rd Cir. 2007).

As stated by the Court in the prior Order, Taskin's Declaration made it clear

> that he was aware of the Summons and Complaint in January of 2010, consulted a lawyer, and obtained affidavits about service on January 25, 2010.  Instead of timely objecting to this action within a reasonable period, Taskin elected to wait until November 9, 2010, to respond in any manner to the Complaint.  Taskin did so at his own peril.  While Taskin delayed, Final Judgment was entered against him and this entire action was fully resolved and, thus relief from the Final Judgment now would greatly prejudice [Plaintiff].

(DE 381 at 6).

Even if the instant motion had merit, which the prior Order makes clear it does not, the motion must be denied in the interest of finality and the law of the case.

### III.  CONCLUSION

This Court having considered carefully the pleadings, arguments of counsel, and the applicable case law, it is hereby

**RECOMMENDED** that Defendant Senol Taskin's Motion for Relief from Final Default Judgment (DE 432) be **DENIED**.

The parties will have 14 days from the date of being served with a copy of this Report and Recommendation within which to file written objections, if any, with The Honorable William P. Dimitrouleas, United States District Judge.  Failure to file objections timely shall bar the parties from attacking on appeal factual findings contained herein.  LoConte v. Dugger, 847 F.2d 745 (11th Cir. 1998), cert. denied, 488 U.S. 958 (1988); RTC v. Hallmark Builders, Inc., 996 F.2d 1144, 1149 (11th Cir. 1993).

**DONE AND SUBMITTED** at Ft. Lauderdale, Florida this 24th day of October, 2011.

                                                                                    _____
                                                                                    LURANA S. SNOW
                                                                                    UNITED STATES MAGISTRATE JUDGE

Copies to:

All Counsel of Record