UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO.: 08-60623-DIMITROULEAS/SNOW

BANK OF MONGOLIA,

   Plaintiff,

v.

M&P GLOBAL FINANCIAL SERVICES, *et al.*,

   Defendants.
_____/

### DEFENDANT SENOL TASKIN'S OBJECTIONS TO REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE SNOW

  The defendant, Senol Taskin, by and through undersigned counsel, submits his Objections to the Report and Recommendation on the defendant's Motion for Relief from Final Judgment (D.E. 439), and in support thereof, states as follows:

#### INTRODUCTION

  The Report and Recommendation submitted on Taskin's motion for relief from judgment denies Taskin his requested relief not on the merits of the arguments, but rather on the bases Taskin failed to file his motion within a reasonable time, and that Taskin, aware of the pendency of the action, failed to act. The Report's reliance on the "reasonable time" limitations of Rule 60(b) are misplaced. There are no "reasonable time" limitations associated with a motion seeking relief from a void judgment under Rule 60(b)(4). The Report relies on passages from previous court orders discussing Rule 60(b)(1), and various cases discussing the same subpart, all of which properly raise the reasonableness requirement inapplicable here. Further, the Eleventh Circuit is clear to the extent the Report finds Taskin's motion is barred under a theory of laches or unreasonable delay; Rule 60(b)(4) motions are immune from such arguments.

Therefore, the Court should sustain Taskin's objections to the Report and Recommendation and consider the motion on its merits. On its merits, the Court should conclude the judgment is void for lack of personal jurisdiction and insufficiency of service of process.

### RELEVANT FACTUAL AND PROCEDURAL BACKGROUND

On November 1, 2010, the Court entered judgment against Taskin. [D.E. 370.] On November 9, 2010, Taskin submitted to the Court a "Declaration." [D.E. 371.] While Taskin set forth certain claimed statements indicating he lacked any minimum contacts with Florida, and was not properly served with initial process, nowhere in the Declaration did Taskin seek relief from this Court under Rule 59(e), 60(b), or any other Federal Rule of Civil Procedure. *See id.* Taskin's Declaration did not include any prayer for relief. While the Clerk of Court stamped the document as being received on November 8, 2010 – after final judgment – Taskin signed and sent the document on October 22, 2010, before final judgment. *Compare* D.E. 371 *with* D.E. 370.

The Court, on its own initiative, and by order dated November 9, 2010, elected to construe Taskin's Declaration as a Motion to Alter/Amend a Judgment or for Relief from a Judgment. [D.E. 372.] But in the November 9 Order, the Court did not provide a deadline for Taskin to file a reply in support of his Declaration. *See id.*

On January 14, 2011, the Court entered its Order denying Taskin's Declaration, which the Court construed as a motion to alter or amend the judgment or for relief from the judgment [D.E. 381.] On September 3, 2011, Taskin filed a motion under Federal Rule of Civil Procedure 60(b)(4), seeking relief from the November 1, 2010 order entering final judgment. [D.E. 432.] On October 13, 2011, the Court referred the motion to Magistrate Judge Snow. [D.E. 438.] And on October 24, 2011, the Court submitted its Report and Recommendation. [D.E. 439.]

**ARGUMENT**

When considering objections to a report and recommendation, the court's review is the same as an appeals court reviewing the decisions of a district court; decisions of law are reviewed de novo.  *See* 43 U.S.C. § 636(b)(1); *Florists' Mut. Ins. Co. v. Tatterson*, 802 F. Supp. 1426, 1431 (E.D. Va. 1992).

    **A.**    **The Court Has Held the Timeliness of Taskin's Submissions Are Irrelevant to Determining whether the Judgment Is Void.**

The Report recommends the Court find for Bank of Mongolia because Taskin's Declaration was not timely, and, as a result, concludes the instant motion was not filed within a reasonable time, and deny it on that basis alone.  [D.E. 439 at 2-3.]  Each cite from the Court's January 14, 2011 Order contained in the Report come from Part A of the Court's ruling – entitled "Mistake, Inadvertence, Surprise or Excusable Neglect."  *Compare* D.E. 439 *with* D.E. 381 at 4-5.  The Court's discussion in Part A was limited to whether Taskin had set forth sufficient facts to set aside the final judgment under Rule 60(b)(1).  *See* D.E. 439 at 4.  As indicated in the Order, motions seeking relief under Rule 60(b)(1) must be filed within a reasonable time.  *See id.* (*citing Sloss Indus. Corp. v. Eurisol*, 488 F.3d 922, 934 (11th Cir. 2007)).  Immediately following the passage cited in the block quote in the Report came the following sentence: "Based upon this evidence, the Court is not persuaded that Taskin is entitled to the extraordinary remedy of relief from the Final Judgment under Rule 60(b)(1) since he failed to file the instant Motion within a reasonable time."  [D.E. 381 at 6.]

> But after that sentence, the Court stated the following in a footnote:
>
> The Eleventh Circuit concluded that a Rule 60(b)(4) motion raising a jurisdictional defect in the judgment is not subject to Rule 60(c)'s reasonable time limitation.  *See Wattleton v. U.S.*, 384 Fed. Appx. 907, 908 (11th Cir. 2010).  As

>such, since Taskin has raised purported jurisdictional defects in the instant Motion, the Court will address Taskin's Rule 60(b)(4) arguments in turn.

[D.E. 381 at 6, n. 2.]

Setting aside the fact Taskin sought no affirmative relief under any subpart of Rule 60, the Court excluded from its Rule 60(b)(4) discussion any finding Taskin failed to file the Declaration timely. Instead, the Court found that in the event Taskin was seeking relief under Rule 60(b)(1), his Declaration was untimely. Neither the original Declaration nor Taskin's instant motion sought any relief under Rule 60(b)(1). And the instant motion seeks relief only under Rule 60(b)(4). Therefore, because the Report relies on Rule 60(b)(1)'s timeliness requirement to find Taskin's 60(b)(4) arguments were not timely, the Court should sustain the objections to the Report, and consider Taskin's 60(b)(4) arguments on its merits.

**B.     Taskin Only Filed One 60(b)(4) Motion, and Laches Does Not Bar the Filing.**

In the Report recommending the Court find Taskin's instant motion was untimely, it also indicates Taskin's motion raised the same objections the Court previously rejected. [D.E. 439 at 3.] In other words, the Report implies Taskin has filed two Rule 60(b)(4) motions. Further, the Report cites Taskin's alleged failure to timely object to the service of the complaint as support to recommend affirming the final judgment. *See id.*

Only once has Taskin asserted the judgment against him was void for lack of personal jurisdiction and insufficiency of service of process. He did so on September 2, 2011, when he filed the motion that is the subject of the Report and Recommendation. While Taskin's Declaration states facts implicating legal issues similar to the arguments made in the September 2, 2011 motion, his Declaration did not address the facts alleged in the amended complaint, or the evidence the plaintiff claimed to have adduced in the proceedings. Moreover, Taskin

submitted his declaration before he had engaged undersigned counsel, or any other counsel, to represent him in this matter.  As recognized in a case the plaintiff cited, when a defendant is appearing *pro se*, a court will not hold the defendant's pleadings to the standard of a practicing attorney, but will liberally construe the pleadings.  *See U.S. v. Brown*, No. 10-08780, 2010 WL 55469, at *1, n. 1 (S.D. Fla. Jan. 7, 2010).  The Court should therefore not use its liberal construction of the *pro se* Declaration to prejudice Taskin now.

In addition, each of the cases cited in the Report is factually and legally distinguishable from the matter at bar.  In *Pryor v. U.S. Postal Service*, the case on which the Report primarily relies, the movant did not seek relief under Rule 60(b)(4).  *See* 769 F.2d 281, 286 (5th Cir. 1985).  In *Latham v. Wells Fargo Bank*, the defendant claimed lack of notice of the judgment, not that the judgment was void. 987 F.2d 1199, 1203-04 (5th Cir. 1993).  And in *Gordon v. Monoson*, the defendant filed two Rule 60(b)(4) motions, 17 years apart, in which the primary argument was inadequate notice, rather than lack of jurisdiction.  239 Fed. Appx. 710, 713-14 (3d. Cir. 2007).

With regard to the facts here, *Hertz Corp. v. Alamo Rent-a-Car, Inc.* is both instructive and controlling.  16 F.3d 1126 (11th Cir. 1994).  In *Hertz*, the plaintiff filed an original complaint, which, following motion practice, the court dismissed without prejudice with leave to file an amended complaint.  *See id.* at 1127.  The plaintiff failed to file timely.  *See id.* at 1128.  In response, the defendant filed a Rule 59(e) motion requesting the court modify its previous order and dismiss the matter with prejudice.  *See id.*  The court agreed and dismissed the case with prejudice.  *See id.*  Nine months after the court entered its order dismissing the matter with prejudice, the plaintiff filed a Rule 60(b) motion to set it aside, arguing the court lacked

5

jurisdiction to modify its order because the defendant had not timely filed its Rule 59(e) motion. *See id.* The trial court denied the plaintiff's motion. *See id.*

On appeal, the defendant argued the plaintiff had failed to timely respond to the dismissal, contending the plaintiff could have filed a response to the defendant's Rule 59(e) motion, and failed to appeal the court's final order of dismissal with prejudice. *See Hertz Corp.*, 16 F.3d at 1129-30. The Eleventh Circuit rejected the defendant's argument, finding laches or delay irrelevant to a Rule 60(b)(4) motion. *See id.* at 1130-31 (citing numerous cases with the same holding).

In the same way, Taskin could have objected to the sufficiency of service of process or personal jurisdiction within a "reasonable period," but he did not do so. His decision to wait does not transform the void judgment currently entered against him into a valid one. *See e.g., id.* at 1131 ("Although time touches defective decrees, it can give them no vital force"). Thus, to the extent the Report relies on Taskin's failure to respond earlier than he did should not support the Court adopting it. Therefore, the Court should sustain the objections, and consider Taskin's motion on its merits.

As stated in the motion and reply (D.E. 432; 437), were the Court to consider Taskin's arguments on their merits, it would find there was no personal jurisdiction over Taskin, as the plaintiff wholly failed to set forth sufficient facts that would raise even a *prima facie* showing Taskin had availed himself of the jurisdiction of the court. Further, the Court would find the complaint against Taskin fails for insufficiency of service of process, as there is no debate as to the manner in which the plaintiff attempted to serve Taskin, and the current state of the law on the issue should lead the Court to conclude the plaintiff's attempt at service violated the Hague Convention.

Whether Taskin was aware of the pendency of the lawsuit is irrelevant to determining whether the judgment is void.  If the judgment has no force and effect, it does so regardless of when Taskin put the issue before the Court.  Accordingly, the Court should sustain the objections to the Report and Recommendation, consider Taskin's motion on its merits, vacate its final judgment orders against him, and dismiss the Complaint .

## CONCLUSION

Based on the foregoing points and authorities, the defendant, Senol Taskin, respectfully requests this Court enter an Order: (i) sustaining the Objections to the October 24, 2011 Report and Recommendation as set forth herein; (ii) reviewing de novo the motion to set aside the November 1, 2010 default final judgment; (iii) vacating the Court's November 1, 2010 Order of final judgment against Senol Taskin; (iv) dismissing, for lack of personal jurisdiction and/or insufficiency of process, the amended complaint asserted against Senol Taskin; and (v) entering such other and further relief this Court deems proper.

    Respectfully submitted,

    Polenberg Cooper, P.A.
    1351 Sawgrass Corporate Parkway
    Suite 101
    Fort Lauderdale, FL 33323
    (954) 742-9995 (T)
    (954) 742-9971 (F)

    By:  _/s Jon Polenberg_ _____
        Jon Polenberg (FBN 653306)
        Jude C. Cooper (FBN 366160)

**CERTIFICATE OF SERVICE**

I hereby certify that on November 7, 2011, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served on this 7th day of November, 2011 on all counsel of record or *pro se* parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

                                                */s Jon Polenberg*
                                                Jon Polenberg

David B. Mankuta, Esq.
Atkinson, Diner, Stone, Mankuta & Ploucha, P.A.
100 SE 3rd Avenue, Suite 1400
Fort Lauderdale, FL 33394

Jose M. Sanchez, Esq.
Atkinson, Diner, Stone, Mankuta & Ploucha, P.A.
100 SE 3rd Avenue, Suite 1400
Fort Lauderdale, FL 33394

Ronald K. Lantz, Esq.
First Professional Building
636 U.S. Highway 1, Third Floor
North Palm Beach, FL 33408