UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 08-60623-DIMITROULEAS/SNOW

BANK OF MONGOLIA,

        Plaintiff,

v.

M&P GLOBAL FINANCIAL SERVICES et al.,

        Defendants.
_____/

**ORDER DENYING DEFENDANT TASKIN'S
MOTION FOR RELIEF FROM FINAL DEFAULT JUDGMENT**

THIS CAUSE is before the Court upon Defendant Senol Taskin's Motion for Relief from Final Default Judgment [DE 432] and Magistrate Judge Lurana S. Snow's Report and Recommendation [DE 439] on that Motion. The Court has carefully considered the Motion, the Report and Recommendation, and Defendant Taskin's Objections [DE 442], and is otherwise fully advised in the premises. This Court has also conducted a *de novo* review of the record and the arguments made by the parties. Based on this review, the Court finds that Defendant Taskin's Motion must be **DENIED**.

A brief review of the lengthy docket in this case is necessary. Plaintiff filed an Amended Complaint including a federal RICO claim against Taskin on December 11, 2009. [DE 140]. Taskin was served in Canada on January 7, 2010, by registered mail. [DE 162]. The Clerk entered a Clerk's Default against Taskin on February 23, 2010. [DE 164]. Plaintiff then filed a motion for default judgment against Taskin on March 19, 2010. [DE 186]. This Court issued an Order to Show Cause to Taskin requiring a response to the motion for default judgment by April 16, 2010. [DE 217].

Because Taskin failed to respond, the Court entered Final Judgment against him on April 19, 2010. [DE 236]. The Court referred the matter to Magistrate Judge Snow for an evidentiary hearing on the amount of damages, *id.*, which she found to be $67,639,921.62, [DE 364]. Taskin did not object to that amount and this Court adopted Judge Snow's Report and Recommendation on November 1, 2010. [DE 370].

On November 9, 2010, Taskin filed a "Declaration" [DE 371], which this Court construed as a Motion to Alter/Amend a Judgment or for Relief from a Judgment under Federal Rules of Civil Procedure 59 and 60. [DE 381]. The Court denied that relief both on the merits and on the basis of timeliness. *Id.* Taskin did not move for reconsideration of that denial nor sought an appeal.

Taskin then filed the instant Motion for Relief from Final Default Judgment [DE 432] under Federal Rule of Civil Procedure 60(b)(4) on September 2, 2011. Rule 60(b)(4) allows a party to challenge a judgment on the grounds that the judgment was "void." Taskin argues that the judgment was void for lack of personal jurisdiction and for insufficient service of process. Regarding personal jurisdiction, he alleges that his Declaration created issues requiring an evidentiary hearing on personal jurisdiction and that at that hearing Defendant Taskin would have established that Plaintiff failed to satisfy Florida' long-arm statute, that Taskin lacks sufficient minimum contacts in order to justify personal jurisdiction, and that exercising personal jurisdiction would offend traditional notions of fair play and substantial justice. These faults, he argues, violate his due process rights. As to service of process, Defendant Taskin argues that service of process by registered mail violated Article 10(a) of the Hague Convention.

As Judge Snow's Report and Recommendation indicates, this Court has already considered these arguments and rejected them on their merits when they were raised through the

Declaration. *See* [DE 381]. The Court will briefly address new arguments Taskin raises regarding the propriety of that Order before it adopts and approves this portion of the Report and Recommendation.

Judge Snow's Report and Recommendation also rejected Taskin's Motion on the ground that it was untimely. Taskin objected that a motion for relief from a judgment under Federal Rule of Civil Procedure 60(b)(4) is not required to be made within a "reasonable time." The Eleventh Circuit has said that because a motion under Rule 60(b)(4) is a jurisdictional challenge, the reasonable time requirement set forth in Rule 60(c) does not apply. *Hertz Corp. v. Alamo Rent-a-Car, Inc.*, 16 F.3d 1126, 1130 (11th Cir. 1994). As a result, this objection is sustained and the Court does not adopt that portion of the Report and Recommendation based on timeliness.

## DISCUSSION

Taskin argues that the judgment against him is void and may be challenged under Federal Rule of Civil Procedure 60(b)(4). Federal courts generally grant relief under Rule 60(b)(4) only in the "exceptional case in which the court that rendered judgment lacked even an 'arguable basis' for jurisdiction." *United States Aid Funds, Inc. v. Espinosa,* 130 S. Ct. 1367, 1377 (2010). The burden of proof rests on the defendant to show lack of jurisdiction. *In re Worldwide Web Systems, Inc.*, 328 F.3d 1291, 1298-99 (11th Cir. 2003). This Court has already found that the substance of Taskin's arguments lack merit. [DE 381]. Taskin is bound by the law of the case on these issues. *Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800, 816-17 (1988). Nevertheless, the Court will address Taskin's procedural arguments.

A.   *Necessity of an Evidentiary Hearing*

Taskin argues that the Court should have held an evidentiary hearing to determine whether it could exercise personal jurisdiction over Taskin. He cites *Laux v. Carnival Corp.*, 470

F. Supp. 2d 1379, 1381 (S.D. Fla. 2007), which held that in order to assert personal jurisdiction over a defendant, the court must first consider whether there is jurisdiction under the state's long-arm statute and then must consider whether there are sufficient minimum contacts to satisfy the Constitution. *Id.* (citing *Sculptchair, Inc. v. Century Arts, Ltd.*, 94 F.3d 623, 626 (11th Cir. 1996)).  The court then cited the Florida Supreme Court for the proposition that when opposing affidavits disputing personal jurisdiction cannot be reconciled, "the trial court will have to hold a limited evidentiary hearing in order to determine the jurisdiction issue." *Id.* (quoting *Venetian Salami v. J.S. Parthenais*, 554 So. 2d 499, 503 (Fla. 1989)).

This Court finds that Taskin's reliance on *Laux*, the Florida long-arm statute, and Florida's rules on evidentiary hearings is misplaced.  A court need only consider a state's long-arm statute if the federal statute creating a cause of action lacks a provision regarding service of process. *See United States v. SEC*, 115 F.3d 1540, 1543-44 (11th Cir. 1997).  The RICO Act contains a provision that allows for nationwide service of process. 18 U.S.C. § 1965(b). Therefore, the relevant inquiry is whether the party had sufficient minimum contacts with the United States. *United States v. SEC*, 115 F.3d at 1543-44. Compliance with Florida's long-arm statute is not required to give this Court personal jurisdiction over Taskin. Consequently, the Florida Supreme Court's interpretation of proper evidentiary hearings on Florida's long-arm statute is also irrelevant.

The Eleventh Circuit has held that an evidentiary hearing on personal jurisdiction is discretionary. *E.g. United States v. SEC*, 115 F.3d at 1542. If the Court chooses not to hold the hearing, then the plaintiff must establish a prima facie case for jurisdiction, which the defendant may dispute through affidavits.  *Id.* (citations omitted). A prima facie case exists if the plaintiff presents enough evidence to withstand a motion for a directed verdict. *Id*. When there is a

conflict, all reasonable inferences must be made in favor of the plaintiff. *Id.* Plaintiff provided sufficient evidence to withstand a motion for directed verdict. *See* [DE 381 (finding sufficient contacts for personal jurisdiction and citing evidence)]. Any conflicts arising from Taskin's conclusory, unsupported affidavit are overcome by the reasonable inferences from Plaintiff's evidence. The Court finds that an evidentiary hearing was not required.

B.      *Ability to Respond to Plaintiff's Response to the Declaration*

Taskin also objected that he was not given an opportunity to Reply to Plaintiff's Response to his Declaration; however, this objection is meritless and is overruled. The Court ordered a response to the Declaration because the Court construed the Declaration as a Motion to Alter/Amend a Judgment or for Relief from a Judgment. [DE 372]. Plaintiff filed a Response in Opposition, [DE 380], but Defendant never filed a Reply. Southern District of Florida Local Rule 7.1(c) permits a party to serve a reply to a response within seven (7) days after receiving the response. Pro se litigants are required to follow the rules of the Court. *E.g. Albra v. Advan, Inc.*, 490 F.3d 826, 829 (11th Cir. 2007). Taskin's failure to take advantage of the opportunity to Reply does not void the Court's Order rejecting his Declaration.

C.      *Minimum Contacts, Fair Play and Substantial Justice, Sufficiency of Service, and Due Process*

The Court must reject Taskin's remaining arguments that minimum contacts were lacking, that personal jurisdiction does not satisfy fair play and substantial justice, that service of process was deficient, and that due process was not met. The Court's prior order on Taskin's Declaration, construed as a motion for relief from judgment under Federal Rule of Civil Procedure 60(b), disposed of all of these issues on their merits. *See* [DE 381]. The law of the case doctrine provides that "when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case" unless the original

decision was "clearly erroneous and would work a manifest injustice." *Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800, 816-17 (1988). The Court does not find its earlier Order clearly erroneous and does not find that the Order works manifest injustice, so the Court's decision on these issues must stand.

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. Magistrate Judge Lurana S. Snow's Report and Recommendation [DE 439] is **ADOPTED AND APPROVED IN PART**;

2. Defendant Senol Taskin's Motion for Relief from Final Default Judgment [DE 432] is **DENIED**.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this 16th day of November, 2011.

WILLIAM P. DIMITROULEAS
United States District Judge

Copies furnished to:
Counsel of Record